### (May 22, 1946.)

PHILIP' A. LANG, Respondent, v. KERBY SAUNDERS, INC., Appellant.—Order affirmed, with $10 costs and disbursements. All concur. (The order denies defendant's motion to vacate a judgment against defendant, and for permission to answer, in an action to recover for the use of equipment and machinery in the construction of a penicillin plant in Syracuse.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ. .

THE PEOPLE OF THE STATE OF NEW YORK ex rel., SAMUEL LESSER, Appellant, against Warden of Attica State Prison, Respondent.— Orders affirmed, without costs of this appeal to either party. All concur. (The first order dismisses a writ of habeas corpus and remands relator into custody; the second order· amends the previous order *nunc pro tunc* to recite the filing of a traverse by the relator.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.

CLARENCE JUDD, Appellant, v. MARION SAMS, Respondent.— Judgment and order affirmed, with costs. Memorandum: The record discloses a question of fact. We cannot say that the verdict is against the weight of evidence. Assuming that the .rule of *res ipsa loquitur* applied, plaintiff's request was properly denied in the language requested. The rule itself is really a procedural one. The circumstances of the injury, unexplained, furnish merely some evidence to go to the jury. The rule does not relieve the plaintiff of the burden of showing negligence, nor does it, ordinarily, create a presumption in his favor. The defendant is, usually, under no obligation to introduce any evidence. His failure so to do is not an admission of anything. Herein, the defendant did offer testimony which, if accepted by the jury, tended to negative any culpability on her part. However, even if she had offered no proof, she would still have been entitled to have the jury, on plaintiff's proof, determine whether liability had been established (9 Wigmore on Evidence [3d ed.], § 2509; *Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108, 122). All concur, except Dowling, J., who dissents and votes for reversal and for granting a new trial on the ground that the court erred in not granting the plaintiff's request to charge referred to in the memorandum on the affirmance. (The judgment is for defendant for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

CARMINE M. JUDD, Appellant, v. MARION SAMS, Respondent.— Same decision and like cause of action as in companion case of *Judd* v. *Sams* (*ante*, p. 981, decided herewith). Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

NORMA BEVACQUA, an Infant, by MARY BEVACQUA, Her Guardian ad Litem, Respondent, v. CITY OF NIAGARA FALLS, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.