PEARL LINDENAUER, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 52066.)

Third Department, June 13, 1974.

*Louis J. Lefkowitz,* Attorney-General (*Peter J. Dooley* and *Ruth Kessler Toch* of counsel), for appellant.

*Irving Lindenauer* for respondent.

KANE, J. Claimant sustained personal injuries when a bottle containing " Saratoga Geyser Water " exploded as she removed it from a shelf in a self-service supermarket. Portions of glass recovered after the explosion established that the container bore the legend " Bottled by the State of New York." No claim was made against the retailer, distributor or any other party; nor did claimant attempt to prove any specific acts of negligence. She relied totally on the theory of *res ipsa loquitur* to affix liability for her injuries and damages on the State. Proof was offered at the trial to show that the bottle in question had been received the preceding week from a distributor as part of a 10-case shipment and kept in the store's basement until placed on the display shelf as normal restocking procedures required. There was evidence that some of this shipment had previously exploded, prompting the return of approximately seven cases to the distributor. At the conclusion of claimant's proof, the State moved to dismiss the claim, but offered no evidence on its behalf. The Court of Claims made an award applying the doctrine of *res ipsa loquitur.*

On this record, we must determine whether claimant sufficiently proved that the State had such control of the bottle in question as to permit application of that doctrine with the resulting inference that it was the negligent party responsible for her injuries. It is the contention of the State that, once a bottler surrenders exclusive control of its product to the chain of distribution, it can no longer be subject to liability for a bottle's subsequent explosion under *res ipsa loquitur* principles citing *Curley* v. *Ruppert* (272 App. Div. 441) and *Hyams* v. *King Kullen Grocery Co.* (32 Misc 2d 920, revd. in part 230 N. Y. S. 2d 962, affd. 20 A D 2d 657). Controlling case law establishes that such a proposition is too restrictive.

The rigid requirement of "exclusive control" has been relaxed by application of a more flexible common-sense approach to the doctrine of *res ipsa loquitur.* (*Corcoran* v. *Banner Super Market,* 19 N Y 2d 425; *Foltis, Inc.* v. *City of New York,* 287 N. Y. 108). It must be shown that the defendant is correctly identified *with probability* as the party responsible for negligent conduct. In an appropriate exploding bottle case this might be established by proof that the particular instrumenality causing injury and damage was not improperly handled by the plaintiff or some third party, or its condition otherwise changed after control had been relinquished by the defendant sought to be charged (cf. *Corcoran, supra,* p. 431). Applying that standard to the facts of this case, it is clear that, even under the *Corcoran* concept of control, claimant wholly failed to trace the journey of the exploding container from the bottler to her hands so as to warrant anything beyond surmise that the State, rather than another, was probably responsible for her injuries. Lacking that required element of proof, *res ipsa loquitur* was improperly applied to this situation. Since there was no other evidence to show specific negligent acts on the part of the State, claimant cannot prevail.

The judgment should be reversed, on the law, and the claim dismissed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE and MAIN, JJ., concur.

Judgment reversed, on the law, and claim dismissed, without costs.