■ KATHRYN G. CHISHOLM, Respondent, v. MOBIL OIL CORPORATION et al., Appellants.— Appeal from a judgment of the Supreme Court, entered June 29, 1973 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff. On August 5, 1966, while waiting for a friend's car to be serviced at a gas station owned by defendant Mobil Oil Corporation and leased to defendant Kuehn, plaintiff went into the station's ladies' room. After washing her hands, she was desirous of a paper towel and, therefore, turned the crank on the nearby dispenser. The fixture thereupon came off the wall and struck her on the forehead and chest before again striking her near her thumb as she held the device between her body and the commode. She placed it on the back of the commode and reported what had happened to the two station attendants, one of whom then put the dispenser back on the wall. After watching him do this, plaintiff left the station in her car. Some time later, plaintiff brought this action against defendants to recover for personal injuries she sustained as a result of the above incident. Defendants cross-claimed against each other, Mobil upon the theory that its lease and retail dealer contract with Kuehn indemnified the lessor for claims arising out of personal injuries occurring on the premises, and Kuehn upon the allegation that any defect in the towel dispenser was latent and the creation of Mobil, which had leased the station to him only about a week before the accident. After trial, a jury returned a unanimous verdict against both defendants. Concentrating their argument on the question of exclusive control of the injury-causing instrumentality, defendants maintained that it was error for the trial court to submit this case to the jury on the doctrine of *res ipsa loquitur*. We disagree. Exclusive control is a concept which is not "absolutely rigid", but rather implies such possession and control by the defendant that "the probability that the negligent act was caused by someone other than the defendant is so remote that it is fair to permit an inference that the defendant is the negligent party." (*Cameron* v. *Bohack Co.*, 27 A D 2d 362, 364; *Feblot* v. *New York Times Co.*, 32 N Y 2d 486.) Such is the case here, particularly since defendants came forward with no explanation overcoming the implications of plaintiff's proof (cf. *Nickisch* v. *Madison 34th St. Corp.*, 185 Misc. 25, affd. 185 Misc. 108, affd. 269 App. Div. 932, affd. 295 N. Y. 833). We find the situation particularly analogous to the "faucet handle cases" wherein the plaintiff comes to defendant's business premises, attempts to use some fairly ordinary plumbing fixture put there for the convenience of the public, and is injured when the fixture breaks. (*Jungjohann* v. *Hotel Buffalo*, 5 A D 2d 496; *Kane* v. *Ten Eyck Co.*, 267 App. Div. 789, affd. 292 N. Y. 701; *Schanberg* v. *State of New York*, 58 Misc 2d 605). In these cases the doctrine of *res ipsa loquitur* was found to be applicable and, at least on this record, we hold likewise. As for the trial court's application of the doctrine in its charge to the jury, however, we find error which mandates a new trial. *Res ipsa loquitur* is essentially a rule of evidence which permits, but does not require, the jury to infer on the basis of circumstantial evidence that an unusual occurrence resulted from the defendant's negligence (*Fogal* v. *Genesee Hosp.*, 41 A D 2d 468). The jury has great latitude in this type of case and, should the plaintiff prove a prima facie case, would nonetheless be justified at law in finding for defendant (*George Foltis, Inc.* v. *City of New York*, 287 N. Y. 108). Even where the defendant offers no proof, it is still for the jury to decide, on plaintiff's proof, whether liability has been established (*Judd* v. *Sams*, 270 App. Div. 981, affd. 296 N. Y. 801). In the instant case the Trial Judge improperly invaded this province of the jury when he charged that there was in fact "evidence of negligence". Furthermore, he based this instruction on conclusions, such as "there must have been something wrong with the fastenings

of the wall dispenser" and "there is no dispute that the dispenser fell because it was defective or defectively installed", which were likewise questions for the jury to decide. Later, when there were exceptions to this language, he compounded his error by refusing to make any modification or correction. As these proceedings were all conducted in the jury's presence and immediately prior to its deliberations, they very likely influenced the ultimate verdict. Accordingly, there must be a new trial. We decide no other issue. Judgment reversed, on the law, without costs, and a new trial ordered. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.