■ MARY QUINN et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58693.)—Appeal from a judgment, entered May 3, 1976, upon a decision of the Court of Claims. Claimant was sitting on a swing at the Valley Stream State Park on August 12, 1973 when she was struck on the back of her head by a two or three-pound plywood sign which had fallen from the horizontal crossbeam supporting the swing. The crossbeam was about 12 feet above ground level and the sign had been suspended from it by two wires. Park authorities retained the sign, but witnesses who observed it immediately after the incident stated that one of the wires had remained attached to the fallen sign and they characterized it as being thin and rusty. Following a trial, the Court of Claims reasoned that the doctrine of *res ipsa loquitur* did not apply under the circumstances of this case, and further concluded that claimant had otherwise failed to prove any specific acts of negligence chargeable to the State in installing or maintaining that sign. Her claim for personal injuries, as well as that of her husband for loss of services, was dismissed and this appeal ensued. We agree with the Court of Claims that claimant's proof was inadequate to spell out any specific acts of negligence for which the State would be liable, but we believe that the established facts merited application of the *res ipsa* principle. The only

disputed objection to the use of that doctrine concerned the extent of control exercised by the State over the offending sign and the only testimony that someone other than State officials had access to it was to the effect that various acts of vandalism frequently occurred throughout the park. As a species of circumstantial proof, however, *res ipsa* does not depend on a showing that the instrumentality causing the harm was within the defendant's exclusive control; it is enough that the degree of dominion be such that the defendant can be identified with probability as the party responsible for the injury produced (see *Corcoran v Banner Super Market,* 19 NY2d 425; *Lindenauer v State of New York,* 45 AD2d 73). While resolution of that issue hinges on an analysis of the particular facts of each case (see, e.g., *Cameron v Bohack Co.,* 27 AD2d 362; *Murphy v City of New York,* 19 AD2d 545, affd 14 NY2d 532), we are satisfied that the possibility another may have been responsible for claimant's injuries is so remote that an inference of negligence should be drawn against the State. Contrary to the opinion of the Court of Claims, we do not regard the cited acts of vandalism as establishing any definite pattern of tampering with the swings or signs, nor can it be said there was any proof of outside interference with the sign that ultimately struck claimant. At best, the evidence indicated that some signs in the swing area may have been stolen on prior occasions. A commonsense appraisal of such happenstances does not lead to the conclusion that someone would go to the trouble of climbing 12 feet merely to loosen the wires by which a particular sign was hung. We direct a new trial so that the resulting inference of negligence may be properly considered. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Greenblott, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.