■ VICTOR GOREE, an Infant, by CATHERINE BODDIE, His Parent, et al., Appellants, v JAMES DIXON et al., Respondents.—Appeal from (1) an order of the Supreme Court, in favor of defendant, entered December 15, 1976 in Albany County, upon a dismissal of the complaint by the court at a Trial Term, at the close of plaintiffs' evidence, and (2) the judgment entered thereon. This action, based in negligence, arose from an accident which

occurred June 17, 1969. There is no substantial dispute about the pertinent facts. The infant plaintiff, age nine, was on his way to visit a teacher. To arrive at his destination he walked through defendant Cassazza's gas station and when he neared a parked truck located thereon, it exploded, causing him certain injuries. The truck was owned by defendant Dixon (who defaulted and did not appear in the action) who asked the operator of the station to do certain work on the truck. The operator told the owner to bring it down and he would work on it as soon as he got a chance. The infant testified he saw something dripping from the side of the truck and a dark spot on the ground alongside of it, which was in the area of the gas tank of the truck that exploded. There was some testimony that firecrackers were heard going off in the area that evening. Plaintiff tried his case on the doctrine of *res ipsa loquitur* and did not offer proof of specific acts of negligence. At the end of plaintiff's proof, the court granted defendant Cassazza's motion to dismiss the complaint on the grounds that a prima facie case of *res ipsa loquitur* or negligence had not been established. The court stated, "there is no proof of exclusive control, because a car parked in a lot doesn't make it a dangerous instrumentality, doesn't thereby place it under exclusive control of the owner of the property." This appeal ensued. Initially, we point out that reliance on *res ipsa* would not require plaintiff to establish exclusive control over the truck but merely a degree of domination sufficient to identify defendant with probability as the party responsible for plaintiff's injuries (see *Corcoran v Banner Super Market*, 19 NY2d 425, mod on other grounds 21 NY2d 793; *Quinn v State of New York*, 61 AD2d 850). Plaintiff proved the facts and circumstances surrounding the event which caused his injuries. If that proof is such that a reasonable man may conclude that it is more likely than not that the event was caused by negligence, together with proof that the instrumentality was within the control of defendant and that the injuries did not result from any voluntary act on the part of the plaintiff, a prima facie case was established. Considering the instant record in its entirety, we are of the view that plaintiff made out a prima facie case. The record reveals that the truck was knowingly left on defendant's property and the gas station operator agreed to perform certain work on it. Furthermore, the explosion of a truck is an event which ordinarily does not occur in the absence of negligence on the part of someone. The facts and circumstances established by plaintiff are of such a character, unexplained, to permit a reasonable man to infer that the accident was due to negligence on the part of the defendant. The order and judgment, therefore, must be reversed and a new trial ordered. Order and judgment reversed, on the law, with costs, and a new trial ordered. Mahoney, P. J., Sweeney and Main, JJ., concur; Kane and Larkin, JJ., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). Although it is reasonable to conclude that an unattended vehicle will not ordinarily explode in the absence of negligence on the part of someone, the majority does not suggest that any specific act thereof may be traced to the defendant gas station owner and I cannot agree that plaintiff adduced evidence sufficient to merit an inference of assigning liability to him under the doctrine of *res ipsa loquitor*. A gas station representative acknowledged the truck was to be repaired, but plaintiff did not establish what work was contemplated or how long it was there prior to the incident in question. Moreover, plaintiff did not show that any work was actually performed before the explosion occurred. Thus, awareness of a particularly dangerous condition giving rise to some independent or higher duty of care may not be attributed to the defendant gas station owner as a separate basis for

liability. Exclusive control of the offending instrumentality is not essential, yet it remains plaintiff's burden to develop such facts as warrant an inference of negligent conduct on the part of the defendant sought to be held responsible. Since plaintiff did not prove it unlikely that all others who had access to or control of the vehicle were not responsible for whatever produced the explosion, it would be improper to apply the principle of *res ipsa loquitor* to this case and the judgment dismissing the complaint should be affirmed *(Lindenauer v State of New York,* 45 AD2d 73).