■ In the Matter of LORRAINE HANLEY, as Deputy Commissioner of Social Services of the County of Oneida, Respondent, v LEON COLEMAN, Appellant.—Order unanimously reversed and new trial granted. Memorandum: Family Court's determination of paternity was contrary to the weight of evidence. Complainant's testimony was vague and contradictory and the proof fell short of the legal requirement that paternity be established by evidence which is "clear, convincing and entirely satisfactory" (Matter of Piccola v Hibbard, 51 AD2d 674, affd 40 NY2d 1035). The complaining witness gave birth to a daughter weighing 3 pounds, 10 ounces on July 16, 1974. It was complainant's uncorroborated testimony that the child was conceived as the result of a single act of intercourse occurring either in October or November of 1973 but she was unable to determine which month. The date was never established to the satisfaction of the trial court and it was particularly important in determining credibility because of the infant's low birth weight which made either time of conception questionable. Under the circumstances, medical testimony was required to support

the credibility of complainant's story (see *Matter of Morris v Terry K.*, 60 AD2d 728; *Matter of Kathy R. v Steven S.*, 47 AD2d 680; *Baranowski v Luciano*, 23 AD2d 815). (Appeal from order of Oneida County Family Court —paternity proceeding.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.