■ In the Matter of STEPHANIE HY, Appellant, v TIM ERVIN, Respondent.—Order unanimously affirmed, without costs. (See *Phillips v Broadwell,* 63 AD2d 840; *Matter of Hanley v Coleman,* 63 AD2d 832.) (Appeal from order of Erie Family Court—paternity.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ KENNETH ARCHER et al., Appellants, v SUBURBAN PROPANE GAS COMPANY, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiffs appeal from a judgment dismissing the complaint at the conclusion of the plaintiffs' evidence. The action was brought to recover for property damage resulting from the destruction of plaintiffs' summer camp by fire. Plaintiffs contend that defendant's propane gas units caused the accident. There was no direct proof that the damage was caused by the negligence of defendant in the installation or maintenance of plaintiffs' liquid gas supply and plaintiffs limit this appeal to their contention that the trial court erred when it refused to submit the cause to the jury on the theory of *res ipsa loquitur.* The elements of *res ipsa loquitur* are: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not be due to any voluntary action or contribution on the part of the plaintiff and (4) evidence as to the true explanation of the event must be more readily accessible to the defendant than the plaintiff (Prosser, Torts [3d ed.], 218)" (see *Fogal v Genesee Hosp.,* 41 AD2d 468, 474). In this action plaintiffs produced no evidence which identified the agency or instrumentality which caused the accident and thus did not show that the instrumentality was within the exclusive control of the defendant. The only evidence of the event, given by two eyewitnesses, was that the fire burned about 5 to 10 minutes before an explosion or whooshing sound occurred. After the fire, the gas cylinders supplied to the camp by defendant revealed no evidence of cuts or rupture and there was no evidence of leaking in the gas lines leading to the cylinders. Thus, there is no circumstantial link between the accident and the conduct of the defendant which would lead to the logical inference that the accident probably was caused by defendant's negligence and the trial court correctly declined to apply the doctrine of *res ipsa loquitur* (see *Corcoran v Banner Super Markets,* 19 NY2d 425, 432, mod on other grounds 21 NY2d 793; *Chisholm v Mobil Oil Corp.,* 45 AD2d 776). (Appeal from judgment of Herkimer Supreme Court—negligence, breach of contract.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.