Kim CALABRETTA, an infant, by her mother, Jean Calabretta, and Umberto Calabretta and Jean Calabretta, Individually, Plaintiffs,

v.

NATIONAL AIRLINES, INC. and Boeing Co., Defendants.

No. 75 C 1709.

United States District Court, E. D. New York.

Feb. 12, 1981.

---

Kreindler & Kreindler by Stanley J. Levy, New York City, for plaintiffs.

Townley & Updike by John C. Sabetta, New York City, and Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendant Boeing Co.

Haight, Gardner, Poor & Havens by John K. Weir, New York City, for defendant National Airlines, Inc.

BRAMWELL, District Judge.

Defendants Boeing Airlines Co. ("Boeing") and National Airlines, Inc. ("National") have moved for summary judgment in

this action for personal injuries.[1] Rule 56(c) of the Federal Rules of Civil Procedure permits a district court to grant summary judgment when an action presents no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. *See Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978).

Prior to applying the Rule 56(c) standard to the instant case, a brief review of its factual predicate is in order.[2] This case had its genesis in events surrounding the descent of National Airlines flight # 61 on July 13, 1974. The plaintiff, Kim Calabretta, a passenger on that flight, experienced excruciating pain in her left ear during the plane's descent. This pain caused the plaintiff severe discomfort while the plane landed, and persisted for a short time thereafter. Nevertheless, the plaintiff and her family proceeded as planned with their vacation in Florida's Disney World.

Seven weeks later, however, the plaintiff reported that she had lost her hearing in her left ear. Due to her mother's contraction of rubella during her pregnancy with Kim Calabretta, the plaintiff already suffered from a severe loss of hearing in her right ear. Alleging that defendant National was negligent in its manner of controlling the aircraft cabin pressure on flight # 61, and that this negligence proximately caused the loss of her auditory capabilities in her left ear, the plaintiff commenced the instant action against National in October of 1975. In mid 1977, the plaintiff joined Boeing as a defendant in this action, alleging that the plaintiff's condition also may have been proximately caused by either negligent design and manufacture by Boeing of the airplane used on flight # 61, or by Boeing's improper warnings or instructions to National regarding the operation of the aircraft's pressurization system.

In the instant motion, Boeing maintains that the legal theories of liability employed by the plaintiff against it have no basis in fact. To support this contention, Boeing asks this Court to observe that the plaintiff's discovery failed to unearth any evidence to bolster her claim that the Boeing 727 at issue was defectively designed or manufactured so as to warrant a jury's finding of liability under *Robinson v. Reed Prentice Div. of Package Mach. Co.*, 49 N.Y.2d 471, 403 N.E.2d 440, 426 N.Y.S.2d 717 (1980). *See also Bolm v. Triumph Corp.*, 71 App.Div.2d 429, 422 N.Y.S.2d 969 (4th Dep't. 1979). Moreover, Boeing argues that the Pretrial Order filed in this action on January 29, 1980 reflects no evidentiary foundation with which the plaintiff directly could prove that Boeing is subject to liability for the injuries sustained by the plaintiff. Similarly, National contends that, on the basis of the plaintiff's anticipated proof at trial, there is no possibility that the plaintiff will be able to establish a *prima facie* case against National.

In opposition to the assertions of the defendants, the plaintiff argues that the apparent absence of direct evidence substantiating her claim should not be dispositive of the summary judgment motions. Rather, the plaintiff contends that, under the doctrine of *res ipsa loquitur*, a question of material fact regarding the liability of both defendants for the plaintiff's injuries becomes readily apparent.

The term *res ipsa loquitur* denotes reference to a species of circumstantial evidence. In New York, in order for the doctrine to apply, three requisites must be satisfied:

1. the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

2. it must be caused by an agency or instrumentality within the exclusive control of the defendant;

---

1. While Boeing has submitted formal motion papers, National's request for summary judgment has taken the form of an affidavit sworn to by John K. Weir, its attorney in this action.

2. The "facts" have been culled from the materials submitted in connection with this motion, and from the Pretrial Order drafted by the parties.

3. it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Corcoran v. Banner Super Market*, 19 N.Y.2d 425, 227 N.E.2d 304, 280 N.Y.S.2d 385 (1967). If these elements are established, the *res ipsa* doctrine permits the jury to draw an inference of negligence against the defendant or defendants. *United States v. Ridolfi*, 318 F.2d 467 (2d Cir. 1963); *George Foltis Inc. v. City of New York*, 287 N.Y. 108, 38 N.E.2d 455 (1941). For the plaintiff to recover damages, however, the *res ipsa* inference must withstand the rebuttal evidence proffered by the defendant or defendants. *Traub v. Holland-America Line*, 278 F.Supp. 814 (S.D.N.Y. 1967); *Fogal v. Genessee Hospital*, 41 App. Div.2d 468, 344 N.Y.S.2d 552 (4th Dep't 1973).

1. *Inference that Someone was Negligent*

▉▉▉ The first element of the New York *res ipsa* formulation is met if, in the abstract, the event at issue is one that gives rise to the "reasonable probability that in the ordinary course of events the [incident] would not have occurred without negligence." *United States v. Ridolfi*, 318 F.2d at 470. Usually, such an inference may be drawn without the aid of expert testimony. W. Prosser, *Torts* (4th Ed. 1971) § 39 at p. 217. This is

> merely a reflection of the principle that a jury of laymen ordinarily do not need expert testimony on the question of negligence, itself a function of the conduct of reasonable men.

*Pipers v. Rosenow*, 39 App.Div.2d 240, 243, 333 N.Y.S.2d 480, 483 (2nd Dep't 1972). The implementation of expert testimony by the defendant in its rebuttal case, however, "may destroy an inference which would otherwise arise." Prosser § 39 at p. 217.

▉▉▉ After careful review of the scenario surrounding the instant occurrence, this Court is of the opinion that it presents a situation from which a jury most likely could infer that the causal factor of the plaintiff's injury was negligence. This finding evolves from this Court's belief that, on the basis of its past experience and even without the aid of expert testimony, a jury would be warranted in concluding that the occurrence of ear damage after an airplane flight ordinarily does not eventuate in the absence of negligence. *See Landrum v. Standard Oil Co.*, 499 P.2d 411 (Okl.1972). Accordingly, this Court concludes that a question of material fact exists on this issue.

2. *The Inference that the Negligence was the Defendant's*

New York's "exclusive control" requirement derives from the need to "bring home" the negligence that is "in the air" to the defendant. Prosser § 39 at p. 218. Prior to deciding whether or not the defendant or defendants "controlled" the agency or instrument that caused the incident at issue, such an agency must be identified. *Archer v. Suburban Propane Gas Co.*, 69 App.Div.2d 993, 416 N.Y.S.2d 129 (4th Dep't 1979).

In the instant case, the deposition testimony of Dr. J. Ormond Frost is instructive in this regard. Dr. Frost testified that Kim Calabretta suffers from the existence of a small fistula at the edge of the oval window of her left ear. *Frost Deposition* at 95. In Dr. Frost's opinion, this fistula caused Kim Calabretta's sudden loss of hearing in her left ear. *Id.* at 97. Critically, for purposes of this motion, Dr. Frost associates the origin of the fistula with pressurization changes on the flight Kim Calabretta took on July 13, 1974 on National Airlines flight # 61. *Id.* To this Court, this association raises the requisite issue of fact as to whether Kim Calabretta's loss of hearing was caused by her presence on flight # 61.

▉▉▉ Having identified the agency or instrumentality that arguably caused the plaintiff's injury, the logical next step is to ascertain whether defendants' Boeing and/or National controlled this agency. *Corcoran v. Banner Super Market*, 19 N.Y.2d 425, 227 N.E.2d 304, 280 N.Y.S.2d 385 (1967); *Fogal v. Genessee Hospital*, 41 App.Div.2d 468, 344 N.Y.S.2d 552 (4th Dep't 1973). Under New York law, *res ipsa loqui-*

tur may give rise to an inference of negligence against multiple defendants if such defendants share a common duty toward the plaintiff. *Schroeder v. City & Sav. Bk. of Albany*, 293 N.Y. 370, 57 N.E.2d 57 (1944). *See also DeWitt Properties v. City of New York*, 44 N.Y.2d 417, 377 N.E.2d 461, 406 N.Y.S.2d 16 (1978); *Cooke v. Bernstein*, 45 App.Div.2d 497, 359 N.Y.S.2d 793 (1st Dep't 1974).

In making such an assessment, and in dealing with the *res ipsa* "control" concept, recent New York cases have taken a "flexible common sense approach," *Lindenauer v. State of New York*, 45 App.Div.2d 73, 75, 356 N.Y.S.2d 366, 368 (3rd Dep't 1974), defining "control" as the "degree of dominion sufficient to identify the defendant [or defendants] with probability as the party responsible for the plaintiff's injuries." *Goree v. Dixon*, 62 App.Div.2d 1078, 1079, 403 N.Y.S.2d 605, 606 (3rd Dep't 1978); *Quinn v. State of New York*, 61 App.Div.2d 850, 851, 401 N.Y.S.2d 926, 927 (3rd Dep't 1978). *See generally Corcoran v. Banner Super Market*, 19 N.Y.2d 425, 227 N.E.2d 304, 280 N.Y.S.2d 385 (1967). Since this determination presents a question of fact for the jury, *Cameron v. H. C. Bohack Co.*, 27 App.Div.2d 362, 280 N.Y.S.2d 483 (2nd Dep't 1967), summary judgment for the defendant will be proper on the "control" issue only if the possibility that the defendant or defendants controlled the causal agency is remote as a matter of law. *Quinn v. State of New York*, 61 App.Div.2d at 851, 401 N.Y.S.2d at 927; *Lindenauer v. State of New York*, 45 App.Div.2d at 75, 356 N.Y.S.2d at 368.

This Court cannot render such an absolute finding with respect to both defendants prior to the trial of this case. As to National, the fact that National employees conducted the flight at issue raises a genuine issue of fact on the "control" question sufficient to withstand the instant motion. *In re Air Crash Disaster at John F. Kennedy Airport on June 24, 1975*, 635 F.2d 67 (2d Cir. 1980); *Citrola v. Eastern Airlines*, 264 F.2d 815 (2d Cir. 1959).

The question of whether an issue of material fact exists with respect to Boeing's "control" of flight # 61, however, is not disposed of so easily. It is clear that the focus of the analysis concerning such a question must be the scope of the duty owed by Boeing to the plaintiff. *Dewitt Properties v. The City of New York*, 44 N.Y.2d at 426, 377 N.E.2d at 466, 406 N.Y. S.2d at 21. Here, that duty is one of reasonable care by Boeing in the manufacture of its product. *Codling v. Paglia*, 32 N.Y.2d 330, 298 N.E.2d 622, 345 N.Y.S.2d 461 (1973). Even if a particular defect has not been proven, the breach of such a duty may be demonstrated inferentially if the plaintiff proves "that the product has not performed as intended and [has] excluded all causes of the accident not attributable to defendant." *Halloran v. Virginia Chemicals, Inc.*, 41 N.Y.2d 386, 388, 361 N.E.2d 991, 993, 393 N.Y.S.2d 341, 343 (1977).

In assessing the possible application of *Halloran* to Boeing's status in this case, this Court must construe the facts presented in connection with this motion in the plaintiff's favor, and afford the plaintiff the benefit of all favorable inferences that can be drawn from said facts. *Adickes v. S. H. Kress and Co.*, 398 U.S. at 157, 90 S.Ct. at 1608; *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). In so doing, this Court has concluded that, on the present state of the facts and in light of the inference permitted by *Halloran*, it cannot summarily dismiss the possibility that Boeing "controlled" flight # 61 so as to subject it to liability for the plaintiff's injury. As a result, this Court concludes that a genuine issue of material fact surrounds this aspect of the instant case.

### 3. The Plaintiff's Negligence

The final element of New York's *res ipsa loquitur* test has not created much controversy in this case. In fact, the defendants have conceded that a question of fact exists on the issue of whether any voluntary action on the plaintiff's behalf caused the event at issue. This Court agrees with the defendants that Kim Calabretta's mother's contraction of rubella during her pregnancy with the plaintiff, the plaintiff's resultant

right ear damage, and the possibility that the plaintiff suffered from nasal congestion when she took National Airlines flight # 61 create genuine issues of material fact on this score.

Therefore, for the foregoing reasons, this Court is of the belief that genuine issues of material fact exist with respect to each element of the New York *res ipsa loquitur* test as applied to this case. Accordingly, the motions of Boeing Co. and National Airlines Inc. for summary judgment are hereby DENIED.

■ Boeing also has claimed that it should be granted summary judgment for the wholly separate reason that the plaintiff's claims against it are time barred. Boeing's claim in this regard is predicated on its contention that the amendment to the plaintiff's complaint that added it as a defendant did not comply with the requisites of Rule 15(c) of the Federal Rules of Civil Procedure.

That rule provides:

Whenever the claims or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In this case, it is apparent that the claim against Boeing evolves from the identical occurrence set forth in the original pleading against National. Also, it seems that the plaintiff was unable to identify the manufacturer of flight # 61 until April 15, 1977. When Boeing was so identified, the plaintiff moved pursuant to Fed.R.Civ.P. 15 to add Boeing as a defendant. Satisfied by the plaintiff's showing on said motion, this Court granted the Rule 15 request.

With respect to Boeing's receipt of actual notice of this action, however, the affidavits of Boeing's attorney and of its Director of Insurance Benefits indicate that such receipt occurred within 2–3 weeks *after* the relevant statute of limitations had run.[3] Boeing argues that, in accordance with Fed.R.Civ.P. 15(c), this fact defeats the plaintiff's contention that the amended complaint relates back to the date of the timely filing of the original complaint against National.

The Second Circuit's decision in *Ingram v. Kumar*, 585 F.2d 566 (2d Cir. 1978), *cert. denied* 440 U.S. 950, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), however, invalidates Boeing's argument. The *Ingram* court explicitly held that "the period in which 'the party to be brought in' must receive notice of the action includes the reasonable time allowed under the federal rules for service of process." *Id.* at 572. This Court is of the opinion that Boeing's receipt of notice in this case 2–3 weeks after the expiration of the relevant statute of limitations was reasonable under Fed.R.Civ.P. 4, the controlling federal rule.[4] *See Davis v. Krauss,* 478 F.Supp. 823 (E.D.N.Y.1979) (personal service two months after the statute of limitations had run held to be timely). And, the Court believes that Boeing's full participation in extensive discovery during the three years it has been a party to this

---

**3.** It is noteworthy, however, that the plaintiff filed this motion on July 13, 1977, exactly three years after the accrual of the cause of action. This act occurred within the period of limitation authorized by N.Y.C.P.L.R. § 214 (McKinney Supp. (1980–81)), the governing statute of limitations.

**4.** Fed.R.Civ.P. 4(a) provides:

Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.

**38**

action belies any claim of prejudice it might make as a result of the manner in which it became a party. Accordingly, Boeing's motion to dismiss the plaintiff's action as time barred is DENIED.

Therefore, for the above stated reasons, it is hereby

ORDERED that the summary judgment motions of Boeing Co. and National Airlines Inc. are DENIED; and it is further

ORDERED that Boeing Co.'s motion to dismiss the plaintiff's action as time barred is DENIED.