OPINION OF THE COURT
On review of submissions pursuant to rule 500.2 (b) óf the Rules of the Court of Appeals (22 NYCRR 500.2 [b]), order modified, with costs to appellant, by (1) granting a new trial solely on the issue of defendant New York Telephone Company’s liability to plaintiffs, and (2) in the event New York Telephone is on such retrial found liable to plaintiffs, directing a verdict in its favor against Lakelands Precast, Inc., on the claim over in the full amount of the telephone company’s liability; and, as so modified, order affirmed. The trial court erred in refusing to charge contributory negligence as a bar to recovery by plaintiffs (see Long v Forest-Fehlhaber, 55 NY2d 220). Lakelands, not having appealed to this court, is not, however, entitled to a retrial as to liability. The telephone company’s liability to plaintiffs, if any, arises from the nondelegable duty imposed upon it by subdivision 6 of section 241 of the Labor Law. There being no evidence that it had authority to exercise or in fact did exercise control over the offloading of the vault by Lakelands’ employee in the course of which the plaintiff’s injury occurred, New York Telephone was entitled under principles of common-law indemnity to a directed verdict on its claim over.
*1035 Concur: Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer. Taking no part: Judges Gabrielli and Fuchsberg.