**Josephine RITZ, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 82 Civ. 3665 (RLC).**

United States District Court, S.D. New York.

Sept. 20, 1983.

Bernard Rolnick, New York City, for plaintiff; Peter J. Dean, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the United States

of America; Richard A. Simpson, Asst. U.S. Atty., New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Josephine Ritz brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (1976), seeking damages for personal injuries she sustained, allegedly due to the negligence of the United States Secret Service. Defendant's unopposed motion for summary judgment was granted on May 31, 1983. Subsequent to the entry of judgment, plaintiff's counsel informed the court that he had actually prepared papers opposing the government's summary judgment motion but that, inexplicably, they had never reached the court. Plaintiff's motion for rehearing was granted on June 19, 1983.

Plaintiff fractured her left wrist on August 6, 1980, in an accident that took place in the parking area outside the Baker Pavilion entrance to New York Hospital. She was employed by the hospital as manager of building services and had entered the area to supervise the removal of a door frame that was obstructing a window. As she walked across the parking area to reach the door frame she tripped and fell, injuring her wrist.

At the time of plaintiff's accident, the parking area had been secured by the Secret Service in preparation for a visit by President Jimmy Carter. The President was scheduled to enter the building through the Baker Pavilion entrance and the Secret Service had therefore restricted access to the area near the entrance, confined the press to a specified section of the area and had taken other steps to ensure the President's safety. It is plaintiff's contention, and the gravamen of her complaint, that she tripped over an electrical or communications cable that had been negligently installed and/or supervised by the Secret Service. Complaint ¶ 7.

Defendant's motion for summary judgment is based upon the affidavits of Karen Allen McLaughlin and Mark Brown. Special Agent McLaughlin was the Site Advance Agent in charge of security arrangements at the hospital. McLaughlin Aff. ¶¶ 2–3. She observed the area in front of the Baker Pavilion entrance both before and after plaintiff's fall, and she saw no cables or wires in the vicinity. *Id.* ¶¶ 4, 5, 9. In addition, McLaughlin specifically recalls that no cables were installed in the area by any agent or employee of the United States. *Id.* ¶ 6. Special Agent Brown conducted an investigation of plaintiff's accident. Brown Aff. ¶ 2. He spoke to those Secret Service agents and other government employees he could identify as having any knowledge of the event. *Id.* ¶¶ 3–5. Brown also concluded that no cables were installed by any government agent or employee. *Id.* ¶ 6.

When, as here, the movant for summary judgment introduces evidence demonstrating that his adversary's claim is baseless, the opposing party cannot rely on mere conclusory allegations to defeat the motion. Rather, he must offer specific facts showing that there is a genuine issue for trial. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980); *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978); *Beal v. Lindsay*, 468 F.2d 287, 291 (2d Cir.1972). Although plaintiff has submitted her own deposition testimony as well as the deposition of Special Agent Larry J. Larrimer, neither raises any genuine issue as to any material fact in this litigation.

Larrimer testified that the Secret Service was responsible for securing the area in front of the Baker Pavilion entrance to the hospital but nothing in his testimony contradicts McLaughlin's and Brown's assertions that the government did not install any communications or electrical cables. Similarly, plaintiff herself was unable to state that she had seen any cables in the area or that it was a cable over which she had tripped. She "just assumed it was wire." Ritz Dep. p. 15. Plaintiff's speculation does not create a triable question of fact.

Plaintiff apparently questions the credibility of the government's witnesses, Dean Aff. of July 12, 1983 ¶ 15, but mere allegations of a lack of credibility, like mere allegations of fact, do not raise a genuine issue. Plaintiff must present specific facts which raise "a substantial question of the veracity or completeness of the movant's showing...." *Beal v. Lindsay, supra,* 468 F.2d at 291. *See also, Vantage Point, Inc. v. Parker Brothers, Inc.,* 529 F.Supp. 1204, 1213 (E.D.N.Y.1981), *aff'd,* 697 F.2d 301 (2d Cir.1982).

 Plaintiff also contends that Special Agent Larrimer's testimony raises a genuine issue as to the extent to which the United States was in control of activities in the Baker Pavilion parking area the morning of Ritz's accident. Plaintiff argues that if she can prove that the Secret Service was "in complete control" of the parking area, she might prevail under the doctrine of *res ipsa loquitur.* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. That doctrine does not, however, apply to this case and the extent to which the Secret Service was in control of the parking area is thus not a material issue in the case.

■ Under New York law,[1] the doctrine of *res ipsa loquitur* can be applied only if (1) the accident is one which normally does not occur absent someone's negligence, and (2) the defendant exercised complete control over the specific instrumentality that caused the accident. *United States v. Ridolfi,* 318 F.2d 467, 471 (2d Cir.1963); *Calabretta v. National Airlines, Inc.,* 528 F.Supp. 32, 34 (E.D.N.Y.1981); *Corcoran v. Banner Super Market, Inc.,* 19 N.Y.2d 425, 280 N.Y.S.2d 385, 387, 227 N.E.2d 304, 305 (1967), *modified on other grounds,* 21 N.Y.2d 793, 288 N.Y.S.2d 484, 235 N.E.2d 455 (1968). Plaintiff meets neither part of this test. The only evidence with respect to Ritz's accident is that she tripped and fell while "rushing" across the parking area. Ritz Dep. ¶ 14. Such a common mishap does not necessarily bespeak negligence by other parties. Plaintiff has been unable to present any evidence bearing on the nature of the instrumentality that caused her accident. *A fortiori,* she has proffered no evidence as to control over that unknown object. *See, Archer v. Suburban Propane Gas Co.,* 69 A.D.2d 993, 416 N.Y.S.2d 129, 130 (4th Dep't 1979).

Plaintiff has failed to point to any "concrete particulars" that would demonstrate the existence of a genuine dispute as to any material facts in this litigation. *Dressler v. MV Sandpiper,* 331 F.2d 130, 133 (2d Cir.1964). Defendant United States is entitled to judgment as a matter of law and defendant's motion for summary judgment is, therefore, granted. F.R.Civ.P. 56.

IT IS SO ORDERED.

---

1. All the alleged negligent acts and omissions occurred within the state of New York and that state's tort law therefore controls. 28 U.S.C. § 1346(b) (1976).