■ STEPHEN EDLIN et al., Respondents, v LOUIS GLINSKY, Doing Business as GLINSKY CONSTRUCTION COMPANY, et al., Defendants, and TALLMAN FIRE COMPANY, Appellant and Third-Party Plaintiff-Appellant. DENNIS KRUITHOF CO., INC., Third-Party Defendant-Respondent.—In an action to recover

damages for personal injuries, etc., the defendant and third-party plaintiff Tallman Fire Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated July 26, 1988, as (1) granted that branch of the plaintiffs' motion which was to increase the ad damnum clause of the complaint and (2) denied its cross motion for summary judgment against the third-party defendant.

Ordered that the order is modified, on the law, by deleting therefrom the provision which denied the cross motion of the defendant and third-party plaintiff for summary judgment against the third-party defendant and substituting therefor a provision granting the cross motion of the defendant and third-party plaintiff for summary judgment against the third-party defendant; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the third-party defendant-respondent to the defendant third-party plaintiff-appellant.

The plaintiff Stephen Edlin, an employee of the third-party defendant, Dennis Kruithof Co., Inc. (hereinafter Kruithof), was injured on September 13, 1978, while attempting to restucco the outside walls of a firehouse, owned by the defendant and third-party plaintiff Tallman Fire Company (hereinafter Tallman). Edlin fell to the ground when the scaffolding on which he was standing, which was erected by Kruithof, collapsed. The plaintiffs commenced the instant action against Tallman and the defendants Glinsky, which "rented or sold" the scaffolding to Kruithof, alleging negligence and violations of the Labor Law. Tallman then instituted a third-party action against Kruithof, seeking, *inter alia,* indemnification.

Thereafter, the plaintiffs moved for summary judgment against the defendant Tallman on the issue of liability and to increase the ad damnum clause of the complaint from $1 million to $3 million. Tallman opposed the plaintiffs' motion, and, in addition, cross-moved for summary judgment against Kruithof "seeking complete indemnification". The Supreme Court granted the plaintiffs' motion in its entirety, and denied Tallman's cross motion for summary judgment against Kruithof. In our view, the Supreme Court erred in denying Tallman's cross motion for summary judgment against Kruithof.

It is undisputed that Tallman, by its chairman of the board, George Doremus, entered into an oral agreement with Kruithof to restucco the exterior of the firehouse. However, the record indicates that Tallman had no control over the work

performed. Specifically, Kruithof's vice-president, Lawrence Kruithof, testified at his examination before trial as follows:

"Q. You've named yourself and three individuals all of whom were connected with Kruithof, Dennis Kruithof Company, Inc.

"A. Yes. * * *

"Q. These four individuals, including yourself, yourself *[sic]* and these three other individuals, were they the only people involved in the erection of the scaffolding?

"A. Yes.

"Q. Was there anyone from the Tallman Fire Company, Inc. involved in the erection of the scaffolding?

"A. No. * * *

"Q. Did you receive any materials whatsoever, borrowing, obtaining, buying, lending, or anything of that nature that was used in the scaffolding from the Tallman Fire Company, Inc.?

"A. No.

"Q. For the days that you mentioned possibly you were at the job site two or three days before the day of the accident, while you were at the job site did you receive any instructions from anyone from the Tallman Fire Company as to how to perform the details of the work you were doing?

"A. No".

The injured plaintiff similarly testified at his examination before trial:

"Q. During the course of the time that you were on the job, did anyone from the Tallman Fire Company in anyway instruct * * * you in your work?

"A. No.

"Q. Did you have contact with anyone from the Tallman Fire Company that you can recall?

"A. No. After the accident some of fellows came out. That's all.

"Q. Did you, at any time before the accident, see anyone from the Tallman Fire Company speaking with anyone from Dennis Kruithof Company?

"A. No.

"Q. Was there any other contractor on the job or any [other] company on the job, besides the Dennis Kruithof Company, while you were there?

"A. No."

Under these circumstances, Tallman's cross motion for sum-

mary judgment against Kruithof, under principles of common-law indemnity, should have been granted *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1; *Kemp v Lakelands Precast,* 55 NY2d 1032).

We have considered Tallman's remaining argument, i.e., that the Supreme Court erred in granting that branch of the plaintiffs' motion which was for an increase in the ad damnum clause of the complaint, and find it to be without merit *(see generally, Dolan v Garden City Union Free School Dist.,* 113 AD2d 781). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.