■ Mary Capuccio, Respondent, v City of New York, Defendant, and New York City Transit Authority, Appellant. —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 23, 1990, which, upon a jury verdict, found in plaintiff's favor in the sum of $997,690.92, unanimously affirmed, without costs or disbursements.

Plaintiff, a 53-year old woman, was injured when she fell into an open subway vault, which had been left exposed as a result of a missing grating. We agree, as argued, that a charge on *res ipsa* was not warranted due to the Transit Authority's lack of exclusive control. In relying on *res ipsa,* it was plaintiff's obligation to establish a degree of domination sufficient to identify, with a degree of probability, defendant as the party responsible for the accident. *(Goree v Dixon,* 62 AD2d 1078, 1079.) Review of this record reveals that this burden was not met with respect to the uncovered sidewalk vault, which was located on a well-travelled center island of East Houston Street, an area where the homeless congregated. There was also evidence that the vault was used as a shelter. Thus, we do not agree with our concurring colleagues' conclusion that

plaintiff has shown that "it was probably the defendant's negligence which caused the accident and that the negligence of a third-party or parties was not an equal possibility".

We affirm nevertheless but on the limited ground that the *res ipsa* charge was so innocuous as not to be prejudicial to the defendant. The charge keyed the inference to be drawn, i.e., negligence, not to the dislodging of the grating from its cement moorings, but rather to the happening of the accident, as to which, given the testimony that the grating was continuously missing for at least eight months before the accident, there was ample evidence of negligence. On such evidence, the jury could find that the defendant had constructive notice of a defective and dangerous condition. The *res ipsa* charge would warrant reversal only if it were given in a manner as to allow the jury to infer that the grating could not have been removed or dislodged absent the Transit Authority's negligence. This charge never even so intimated. In our view, it was mere surplusage to the charge on negligence and therefore harmless.

We have examined the other issues raised on this appeal and find that they are without merit. Concur—Sullivan, J. P., Kupferman and Kassal, JJ.

Rosenberger and Asch, JJ., concur in a memorandum by Asch, J., as follows: The submission of the case to the jury on the theory of *res ipsa loquitur* was warranted as plaintiff established: (1) the lack of a fixed, i.e., cemented subway ventilation grating for a period of over six months before the accident leaving an open 15 foot deep vault. This would not be an occurrence which would happen ordinarily in the absence of defendant's negligence since it owned the vault and had the duty to maintain and repair it; (2) the accident was caused through the instrumentality of the missing grate which was within the exclusive control of defendant New York City Transit Authority; and (3) the accident was not due to any voluntary action or contribution on the part of plaintiff. (*Veltri v Stahl*, 155 AD2d 287.) While the defendant asserted that some unknown homeless person or persons were responsible for the grating not being in its place, the only evidence submitted was that homeless persons may have been in the vault area prior to the accident. All general maintenance and repair work on the grating was performed solely by defendant. There was more than a fair preponderance of the evidence supporting the plaintiff's contention that defendant's stated policy of inspection of the gratings had not been done or had been done in a negligent manner.

All plaintiff had to show for the submission of a *res ipsa* charge as to the element of control was that it was probably the defendant's negligence which caused the accident and the negligence of a third-party or parties was not an equal possibility from the evidence. *(See,* 79 NY Jur 2d, Negligence, § 132, at 487-488.) This plaintiff did.

The award of damages by the jury does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; *see, Christopher v Great Atl. & Pac. Tea Co.,* 76 NY2d 1003). As a result of her fall into a vault 15 feet deep, plaintiff suffered a fractured humerus, permanent pain and limited mobility of her right shoulder, and post-traumatic stress disorder, which was still present at trial some ten years after the accident.