■ LARRY PERRY, Respondent, v NATIONAL STRUCTURES, INC., Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. [596 NYS2d 284] —Order unanimously affirmed with costs. Memorandum: National Structures, Inc. (defendant) was the general contractor on a construction project where plaintiff was employed as a plumber by third-party defendant ABL Plumbing & Heating Corporation, a subcontractor. While installing piping in the ceiling of a housing unit, plaintiff was standing on the third or fourth rung of a six-foot, wooden ladder provided to him. To avoid a falling shim that had become dislodged above him, plaintiff shifted on the ladder, the ladder gave way and plaintiff fell to the concrete floor, injuring his lower back. As the general contractor, defendant had the nondelegable duty to provide plaintiff with adequate safety devices to protect him from "risks related to differences in elevation" *(Groves v Land's End Hous. Co.,* 80 NY2d 978, 980; *see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Root v County of Onondaga,* 174 AD2d 1014, *lv denied* 78 NY2d 858; *Drew v Correct Mfg. Corp.,* 149 AD2d 893; *Staples v Town of Amherst,* 146 AD2d 292). It is uncontroverted that plaintiff fell while working at an elevated site as the result of the absence of adequate safety devices. Therefore, Supreme Court properly granted plaintiff partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J. —Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.

■ In the Matter of EUGENE TURNER et al., Petitioners, v RICHARD C. WESLEY et al., Respondents. [597 NYS2d 542] —Petition unanimously dismissed without costs *(see, e.g., Matter of Sans v Doyle,* 175 AD2d 670). (Original Proceeding Pursuant to Article 78.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.