■ SEEPERSAUD SEECHARRAN, Plaintiff, v 100 WEST 33RD STREET REALTY CORP. et al., Defendants. EMPIRE IRON & WINDOW REPAIR WORKS, INC., Third-Party Plaintiff-Appellant, v AARON IRON WORKS, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [603 NYS2d 308] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 4, 1992, to the extent it denied the cross motion by third-party plaintiff Empire Iron & Window Repair Works ("Empire") for summary judgment on its third-party complaint for indemnification against third-party defendant Aaron Iron Works ("Aaron"), unanimously reversed, on the law, and summary judgment is granted, with costs.

In this action for personal injury damages under Labor Law § 240, defendant Jeffries Avlon, the corporate manager of the

subject property, hired defendant and third-party plaintiff Empire, as general contractor, to repair the fire escape, and Empire in turn subcontracted third-party defendant Aaron to do the work. Plaintiff, an employee of Aaron, was injured when the fourth floor landing he was repairing gave way, dropping him 20 feet to the landing below.

A general contractor who is vicariously liable under this statute may recover indemnification from a subcontractor whose defective materials or safety devices led to the injury *(Kelly v Diesel Constr. Div.,* 35 NY2d 1), provided the general contractor exercised no control over the work *(Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991, 992). The record reveals that Empire exercised no control or supervision over the work of repairing the fire escape. Aaron can point to only one brief inspection of the premises by an Empire representative, prior to commencement of the repair work, and that inspection did not specifically include the area where the collapse took place. It was thus the subcontractor (Aaron) who exercised constant supervision and exclusive control over the repair work. This unrefuted set of circumstances entitled Empire to summary judgment over against its subcontractor, under common law principles of indemnity *(Edlin v Glinsky,* 154 AD2d 648). Concur—Carro, J. P., Ellerin, Wallach and Ross, JJ.

[The unpublished decision and order of this Court entered herein on Oct. 21, 1993 is hereby recalled and vacated.]