[624 NYS2d 110]

Linus Guillory et al., Respondents, v Nautilus Real Estate, Inc., Appellant and Third-Party Plaintiff-Appellant. Coyne Electrical Contractors, Inc., Third-Party Defendant-Respondent.

First Department, March 14, 1995

APPEARANCES OF COUNSEL

*D. Carl Lustig, III,* of counsel, New York City *(Arye, Kors & Lustig, P. C.,* attorneys), for respondents.

*Nicholas P. Calabria* of counsel, Rockville Centre *(James M. O'Brien* with him on the brief; *O'Brien & Mayr,* attorneys), for appellant and third-party plaintiff-appellant.

*Richard E. Lerner* of counsel, New York City *(Paul J. Bottari* with him on the brief; *Wilson, Elser, Moskowitz, Edelman & Dicker,* attorneys), for third-party defendant-respondent.

## OPINION OF THE COURT

NARDELLI, J.

Plaintiff, an electrician, was employed by third-party defendant Coyne Electrical Contractors, Inc. (Coyne) to install emergency light fixtures in a building owned by defendant Nautilus Real Estate, Inc. (Nautilus). Standing on the second or third step of a six-foot ladder, he lowered a ceiling tile and was hit in the face by debris from above the tile. He fell backward from the ladder and injured his shoulder. Defendant

contends that the Supreme Court erred in denying its motion to dismiss plaintiff's Labor Law § 240 (1) cause of action because no prima facie statutory violation was shown, there being no defect in the ladder, no testimony regarding placement of the ladder, and no evidence concerning safety devices which might have been used to prevent the accident. Section 240 (1), however, requires that contractors and owners shall provide ladders and other devices "placed * * * as to give proper protection" in repairing a building. The purpose behind this provision is to protect workers by placing the ultimate responsibility where it belongs, on the owners and general contractors *(see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 512-513). In a case where a worker fell from the fourth or fifth step of a ladder while sandblasting a railroad car, it was held that a prima facie showing of " 'elevation-related risk' " under the statute had been made *(Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561). The plaintiff, Gordon, was not injured by the fall itself but by the operation of his hand-held sandblaster as a result of the fall. The Court of Appeals noted that the " 'core' " objective of section 240 (1), the prevention of the fall, was not met and concluded that Gordon was within the protection of the statute *(supra,* at 561). Similarly, in *Perry v National Structures* (192 AD2d 1136), where plaintiff had fallen from the third or fourth rung of a six-foot ladder while trying to avoid a falling shim which had become dislodged above him, the general contractor was held liable pursuant to Labor Law § 240 (1), the Court noting that plaintiff had fallen while working at an elevated site in the absence of adequate safety devices.

█ In the instant case, the provision of the ladder and its placement under the tile to be removed similarly did not prevent the fall. The duty of providing a device to enable the plaintiff to work safely at an elevation, even a fairly small elevation, was on the owner and was not adequately met. Therefore, the motion of defendant-appellant Nautilus, the owner of the building, to dismiss the complaint was properly denied and the motion of plaintiff for a directed verdict as to liability was properly granted.

█ Nautilus also moved for a directed verdict on its third-party complaint based on implied indemnity, which motion was denied from the Bench after the charge to the jury on September 28, 1993. Third-party defendant Coyne had moved for a directed verdict dismissing the third-party complaint for failure to make a prima facie case. That motion was granted

on September 28, 1993, from the Bench. Those dispositions were in error. Nautilus did not exercise control over the work site or over plaintiff. Its right to indemnification from the entity that did exercise control over the work is clear *(Kelly v Diesel Constr. Div.,* 35 NY2d 1; *see, Kemp v Lakelands Precast,* 55 NY2d 1032, 1034; *Glielmi v Toys "R" Us,* 94 AD2d 663, 664, *affd* 62 NY2d 664). Third-party defendant argues that Nautilus was actually negligent in that Cushman and Wakefield, its building manager, failed to perform a site inspection but knew of the debris above the dropped ceiling and yet failed to inform Coyne or Guillory, and that thus indemnification should be precluded. Nautilus's liability to plaintiff, however, was clearly premised on its ownership of the building and on section 240 (1). There is no suggestion that Nautilus had the authority to supervise or control the repairs *(see, Public Adm'r of Bronx County v Trump Vil. Constr. Corp.,* 177 AD2d 258, 259). There is no suggestion that Nautilus exercised control over the placement of the ladder. Where there is no evidence that the owner directed the work, "the basis of his liability remains vicarious, and he may recover over against the wrongdoer under the theory of implied indemnification" *(Blaskovic v Penguin House Tenants Corp.,* 158 AD2d 434, 435; *see also, Seecharran v 100 W. 33rd St. Realty Corp.,* 198 AD2d 121, 122). This is not a case in which Nautilus had supervision or control of the project and exercised it negligently *(see, Carr v Perl Assocs.,* 201 AD2d 296, 297).

Defendant-appellant also seeks a reduction of the damages awarded by the jury and specifically argues that the award for pain and suffering should be reduced or a new trial thereon be ordered. The evidence showed a very extensive tear in the rotator cuff, however, which necessitated an involved operation, 16 months of formal therapy, continuing home therapy, continuing pain and restriction of movement, and a continuing deterioration, with a prognosis of further degenerative changes. Plaintiff was 51 years old at the time of the accident. The award of $1,200,000 for pain and suffering, past and future, is not shown to be excessive *(compare, Roshwalb v Regency Mar. Corp.,* 182 AD2d 401, *lv denied* 80 NY2d 756 [$750,000 for a comminuted fracture of an elbow to a 63-year-old woman]; *Capuccio v City of New York,* 174 AD2d 543, *lv denied* 79 NY2d 751 [$997,690 for a fractured humerus with permanent pain and limited mobility of right shoulder to a 53-year-old woman]).

Wherefore, the judgment of the Supreme Court, New York

County (Robert Lippmann, J.), entered November 5, 1993, which, after a jury trial, awarded plaintiff $450,000 for past pain and suffering, $750,000 for future pain and suffering, $140,659.82 for past lost earnings, and a total of $15,698.90 for medical and physical therapy expenses, plus interest, costs and disbursements, and dismissed the third-party complaint against Coyne, should be modified, on the law, to the extent of reinstating said third-party complaint and granting judgment thereon against Coyne, and except as so modified, should be affirmed, and the order granting plaintiff's motion for a directed verdict as to liability against defendant Nautilus, given on September 28, 1993, should be affirmed, all without costs.

ELLERIN, J. P., WALLACH and ASCH, JJ., concur.

Judgment, Supreme Court, New York County, entered on or about November 5, 1993, modified, on the law, to the extent of reinstating said third-party complaint and granting judgment thereon, and except as so modified, affirmed, without costs and disbursements.