In the Matter of MELVIN WOODIN, as Chief of Police of the Village of Walton, Appellant, et al., Petitioner, v GILBERT LANE, Respondent.—Weiss, J. Appeal from an order of the County Court of Delaware County (Estes, J.), entered September 5, 1985, which, in a proceeding pursuant to RPAPL article 7, reversed a judgment of the Justice Court of the Village of Walton in favor of petitioners.

Respondent obtained a license from the State pursuant to General Business Law § 32 (1) as a veteran permitted to sell merchandise on public highways. In August 1983, he began selling tires, hubcaps, used furniture and appliances from a van located on Delaware Street in the Village of Walton, Delaware County, along a right-of-way owned by the State for highway purposes. On January 23, 1984, Village Code chapter 27, which provides for licensing of hawkers, peddlers and auctioneers, was amended by the Village Board of Trustees (Board) to require, *inter alia,* that a veteran, licensed by the State pursuant to General Business Law § 32 obtain a second license issued by the Village. Respondent failed to comply and, on June 5, 1984, he was convicted of disorderly conduct in the Village Justice Court for violation of chapter 27 and was sentenced to a discharge conditioned upon his obtaining the required second license within two days. On June 7, 1984, such a license was issued to respondent.

Subsequently, petitioner Melvin Woodin, the Village Chief of Police, commenced proceedings in Justice Court seeking the removal of respondent pursuant to RPAPL 715. Eventually, the State also brought a petition for removal. Additionally, on July 25, 1984, following a hearing, the Board revoked respondent's license because of his failure to remove his merchandise each day from the location, as required by Village Code § 27-4 (A). An amended petition to evict respondent through a summary proceeding was served upon him, alleging as additional grounds for removal the Board's license revocation as well as

a violation of Highway Law § 89, which regulates junkyards near highways. At the ensuing trial in Justice Court, respondent appeared *pro se* and left the courtroom after making a brief statement in which he asserted the authority of his State license and claimed that he had complied with the Village Code. After conclusion of the trial, the court awarded petitioners judgment removing respondent from the highway, awarding Woodin $1,882 for counsel fees and assessing a civil penalty of $3,200.

Upon respondent's appeal, County Court reversed the judgment by vacating the monetary awards and the warrant of eviction, finding that Justice Court lacked subject matter jurisdiction to entertain the proceeding. Woodin has appealed County Court's order.

Woodin first contends that since respondent left the trial after making his opening statement, he failed to preserve for review four of the contentions upon which County Court found in his favor. Woodin urges that the failure to raise these issues at trial prevented petitioners from responding and developing an appropriate record at the trial level.

The general rule is that a court will not review on appeal an issue not raised below *(Telaro v Telaro,* 25 NY2d 433, 438; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758). However, there are certain exceptions to the general rule. For example, threshold questions concerning the interpretation of a statute and questions of legislative intent may be raised for the first time on appeal *(American Sugar Refining Co. v Waterfront Commn.,* 55 NY2d 11, 25, *appeal dismissed sub nom. New York Shipping Assn. v Waterfront Commn.,* 458 US 1101). Questions of a court's jurisdiction may also be raised at any time *(Robinson v Oceanic Steam Nav. Co.,* 112 NY 315, 324), as may questions affecting the public interest *(Bile v Bile,* 95 AD2d 719). Finally, in the interest of justice, this court may always exercise its broad discretion to consider matters neither properly presented nor preserved below *(see,* Siegel, NY Prac § 530, at 737). We hold that County Court correctly found respondent's opening statement sufficient to place petitioners on notice that interpretation of the local ordinance was in dispute. Moreover, as argued in respondent's brief, the subject matter jurisdiction of Justice Court is an issue which may be reviewed in this court even absent preservation during trial *(see, Marine Midland Bank v Bowker,* 89 AD2d 194, 195-197, *affd* 59 NY2d 739).

We agree that Justice Court lacked jurisdiction to consider

this case pursuant to RPAPL 715, which authorizes an enforcement officer such as Woodin or an owner/tenant of neighboring properties to apply for the removal of a person occupying *demised* real property under circumstances enumerated in the statute, i.e., for an illegal business use. Since a summary proceeding is statutory in nature, strict compliance is required in order to give a court jurisdiction *(see, Perrotta v Western Regional Off-Track Betting Corp.,* 98 AD2d 1, 2). The word "demised", having been added to RPAPL 715 many years after its origin *(see,* L 1880, ch 178), should be construed as a limitation imposing a requirement that a conveyance of some interest in the subject real property to an occupant must occur in order to establish a court's jurisdiction. This record is barren of any indication that the portion of the highway upon which respondent displayed and sold merchandise had been demised to him. Absent this showing, jurisdiction may not be found. Nor, as Woodin suggests, did respondent obtain any interest in the real property via General Business Law § 32 such as to create a tenancy at will and, therefore, a demise. That statute grants a personal privilege only.

Finally, it is unnecessary to reach Woodin's remaining contentions.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.