OPINION OF THE COURT
Robert A. Harlem, J.
This is a proceeding commenced pursuant to RPAPL article 7 to recover possession of certain real property conceded by the respondent to be within the bounds of New York State Route 10 in the Village of Walton, County of Delaware, New York. Petitioner moves for summary judgment and respondent requests that the same relief be granted in his favor (CPLR 3212 [bp.
Respondent is an honorably discharged veteran of overseas service in the United States Army who holds a valid license pursuant to section 32 of the General Business Law which entitles him to hawk, peddle, vend and sell, goods, wares or merchandise or solicit trade upon the streets and highways of Delaware County. He admits that in or about 1983 he went into possession of a certain strip of land adjacent to the paved portion of Route 10 (known as Delaware Street within the Village of Walton) from which he engaged in the business of selling wares consisting, in large measure, of used automobile hubcaps.
He gained considerable notoriety as The Hubcap Man when, in 1984, the Village of Walton and the State of New York attempted, unsuccessfully, to evict him from his place of business (see, Matter of Woodin v Lane, 119 AD2d 969). In 1987 he commenced an action in Federal court in an unsuccessful effort to block the State of New York from selling a portion of the parcel of land upon which he was operating his business (see, Lane v Commissioner of Transp., US Dist Ct, ND NY, 87-CV-419). After that sale was accomplished, a proceeding was instituted in this court to evict him from the portion of the parcel which had been sold, and on August 15, 1988, an order was signed on consent requiring that he vacate those premises (see, Matter of Bettiol Enters. v Lane, Delaware County, index No. 88-311). The State now seeks to evict him from the remainder of the parcel.
Respondent’s original answer asserted, as a fifth affirmative defense, that this court lacked jurisdiction by reason of defective service of the notice of petition and petition. The Assis *683 tant Attorney-General admitted that service was technically improper. Faced with the avowed intention of the State to begin the proceeding anew, however, respondent withdrew this defense and elected to proceed on the merits. He amended his answer and deleted the formerly pleaded defense.
The first affirmative defense in the amended answer asserts that the presence and business activities of respondent upon the premises from which it is sought to evict him have at all times been with the permission of the State. The second affirmative defense alleges that his activities were authorized by license pursuant to section 32 of the General Business Law, and the third affirmative defense argues that the State is judicially estopped from denying that the presence and activities of respondent on the premises were pursuant to permission by virtue of assertions made in prior litigation. The fourth affirmative defense alleges that the claim of the State, and all issues relating thereto, are precluded by an order of the County Court, Delaware County, which determined respondent’s appeal in Matter of Woodin v Lane, and which was in turn affirmed in the Appellate Division (119 AD2d 969, supra). The fifth affirmative defense asserts that the claim of the State, and all related issues, are precluded by the judgment of the United States District Court for the Northern District of New York in Lane v Commissioner of Transp. (supra), because these claims were not interposed as a counterclaim pursuant to rule 13 (a) of the Federal Rules of Civil Procedure.
The issue of permission is obviously important because the statute under which the State is proceeding, RPAPL 713 (3), provides for summary eviction only where the respondent, or the person to whom he has succeeded, has intruded into or squatted upon the property without the permission of the person entitled to possession and the occupancy has continued without permission or permission has been revoked, and notice of the revocation given to the person to be removed. Respondent has not, however, put forth any factual basis for his claims of permissive entry or permissive use except the assertion of his attorney that respondent entered with the lawful right which all citizens have to enter upon the public highway. Suffice it to say that the right to enter does not carry with it the right to remain (see, e.g., People v Powell, 58 NY2d 1009; People v Licata, 28 NY2d 113) or the right to appropriate a portion of the public highway to a private use which excludes all other members of the public, and to *684 thereby frustrate and deny them the free exercise of their equally significant lawful rights.
Furthermore, even if it is assumed for the sake of argument that the initial entry by respondent was lawful and by permission, petitioner has presented unrebutted evidence that it has given him both written and oral notice that whatever permission he had, or thought he had, to occupy the premises has been revoked.
Whether the business activities of respondent on the land from which his removal is now sought are within the ambit of those authorized by section 32 of the General Business Law is not open to serious dispute. The phrase hawker and peddler, by its common meaning, denotes an itinerant individual without a fixed or permanent place of business (60 Am Jur 2d, Peddlers, Solicitors, Etc., §§ 1, 2).
The terms hawker and peddler are considered synonymous except that a hawker is a particular kind of peddler who characteristically cries out, shouts, rings bells or otherwise makes noise to advertise his goods for sale (id., § 1). The primary idea of a hawker and peddler is that of an itinerant or traveling trader, carrying goods about to sell them and selling them to purchasers, as distinguished from a trader who sells goods from a fixed location (Emert v Missouri, 156 US 296).
Peddlers travel from place to place selling the goods they carry about with them (Crenshaw v Arkansas, 227 US 389). No one may be a peddler who does not go from place to place seeking sales, locomotion being the quintessential requirement (60 Am Jur 2d, Peddlers, Solicitors, Etc., § 3).
In 1893 the New York Court of Appeals in Village of Stamford v Fisher (140 NY 187, 191) observed as follows: "Our attention is called to the definitions given by lexicographers to the term 'peddler,’ and they substantially agree that he is a peddler who travels about the country, carrying wares for sale in small quantities. The dominant idea involved in such an occupation seems to be that the individual carries his stock in trade, consisting in small wares, on foot, or in a vehicle, about the country, offering them for sale and then and there selling them.” The present General Business Law § 32 was originally enacted in 1896 (L 1896, ch 371), and the Legislature must be presumed to have known the then currently accepted meaning of the language it employed at the time the statute became effective (cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 93).
*685 By all accounts, even that of the respondent himself, he operates, and has at all times herein relevant operated, his business from a fixed location. In fact, his attempt in Federal court to block the sale of the portion of the parcel from which he was eventually evicted by this court was based upon his own contention that the sale would deprive him of his fixed, permanent, place of business, and this court thereafter granted him substantial time, and an extension of time, in order to remove his wares from the parcel which had been sold because, he then pleaded, there was so much to remove that the immediate accomplishment of the task was impossible.
Even, however, if it were determined that the activities of respondent upon the land in question were authorized by section 32, that would not avail him of any possessory right. Respondent did not obtain any interest in the real property via General Business Law § 32. That statute grants a personal privilege only (Matter of Woodin v Lane, supra). The personal privilege to hawk, peddle, sell and vend merchandise, and to solicit trade, on the public highway does not imply any right to appropriate a portion of that highway as and for a fixed place of one’s private business. For example, even a veteran licensed to hawk and peddle must obey a village ordinance prohibiting peddlers from permitting their vehicles to stand or remain in one place for more than 10 minutes, and the fact that the place where the vehicle stood or remained was land owned by the county or the State does not require any contrary result (People v Ader, 115 Misc 2d 296).
Respondent prevailed on his appeal in the prior proceedings, instituted against him in Village Court, upon the determination of Delaware County Court that the Village Court was without subject matter jurisdiction because the property he then occupied, a portion of which he still possesses, was not demised real property within the meaning of RPAPL 715. He was unsuccessful in his effort to stop the State from selling a portion of those premises in Federal District Court, and suffered summary judgment against him, affirmed in an unreported order by the Second Circuit Court of Appeals, because there was no proof that his constitutional rights were being violated. Neither of these results may be deemed preclusive against the State on any issue in this proceeding.
The statute under which the State herein seeks to have respondent evicted (RPAPL 713 [3]) does not require that the *686 real property in question be demised, and the only stay granted to the respondent in the Federal action was one based on facts which showed that the State would suffer no prejudice while he decided whether to appeal from the adverse judgment entered, against him. There was no favorable determination, from the point of view of respondent, of any issue involving the merits.
Nor is the present proceeding barred by the mandatory counterclaim provision of the Federal Rules of Civil Procedure. The claim asserted by the State in this proceeding in no way arises out of the same transaction or occurrence which was before the Federal court (Fed Rules Civ Pro, rule 13 [b]; cf., Chrysler Corp. v Fedders Corp., 540 F Supp 706 [SD NY]).
To the extent that the doctrine of estoppel is applicable to this proceeding at all, it operates against, not in favor of, the respondent. In the proceedings which originated in the Village Court of Walton, the petitioner argued in County Court, on the appeal of this respondent, that General Business Law § 32 was, in effect, a statutory grant of an interest which, coupled with the inaction by the People after notice of the activities of respondent, constituted a tenancy at will and therefore a demise of the subject real property. Respondent denied this interpretation of the law to the facts in that case, and the court agreed, stating that:
"The statutory creation of a personal right which does not create an interest or estate in land cannot be a demise. The essence of a demise has always been, and continues to be, the transfer from one to another of an interest or estate in real property, having limited duration.
"On the other hand, a license is not an interest or estate in the land corporeal or incorporeal. It simply makes the act or acts which it permits lawful when without it such acts would be unlawful” (Matter of Woodin v Lane, Delaware County Ct, Aug. 20, 1985, Estes, J., index No. 84-592, at 8-9).
Likewise, on the issue of the alleged status of respondent as a peddler entitled to the protection of section 32 of the General Business Law, County Court held that: "It is clear that the essence of the traditional activity commonly called 'hawking or peddling’ is the itinerant or 'traveling’ nature of the activity. Lane has been trading in goods and wares from a fixed site on [the disputed premises] since August of 1983” (supra, at 16).
Respondent went to Federal District Court in an attempt to *687 thwart the plan of the State to sell the part of the parcel from which this court subsequently evicted him, and that court held: "Let me talk a little bit about procedural due process, the property or liberty interest of the Plaintiff in this case. The Plaintiff claims that he has a right to conduct his business particularly on this parcel of land that he has selected, and he claims that right under the New York General Business Law, Section 32, again the hawking and peddling Veteran’s statute that I referred to before. In my opinion, that statute does not create such a property right” (Lane v Commissioner of Transp., supra, US Dist Ct, June 3,1987, Munson, Ch. J., at 8-9).
He is precluded by collateral estoppel from asserting that he has any such property interest in this proceeding (Gilberg v Barbieri, 53 NY2d 285; Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65), and judicially estopped from assuming a different position in this proceeding than that which he assumed in County Court (supra) on the issues of the factual application and effect of General Business Law § 32 vis-á-vis business operations (Anonymous v Anonymous, 137 AD2d 739; Greven v Muir, 128 AD2d 753; Hinman, Straub, Pigors & Manning v Broker, 124 AD2d 392).
None of the respondent’s defenses have any merit and there is no issue of fact requiring a trial. The motion for summary judgment is granted and counsel for petitioner shall submit an order in conformity herewith, without motion costs.