■ In the Matter of COMMISSIONER OF TRANSPORTATION, Appellant, v GILBERT LANE, Respondent.—Mikoll, J. Appeal from an order of the County Court of Delaware County (Estes, J.), entered September 4, 1990, which dismissed petitioner's application, in a proceeding pursuant to RPAPL article 7, to recover possession of premises occupied by respondent.

This proceeding was commenced pursuant to RPAPL 713 (3) for summary eviction of respondent from a "pull-off" area on State Route 23. Petitioner brings this proceeding on behalf of the State alleging that respondent has intruded into or squatted upon the public property without the permission of the persons entitled to possession. Respondent has, since late July 1989, stored numerous items at this location including cars, tires, farm implements, wagons, old furniture, motorcycle parts, lamps, wood-burning stoves and other items. There are also three flatbed trucks there and a Volkswagen bus with a heating stove in it which respondent uses as an office. Respondent admitted that he stores the items there and does not

move them. The area is intended for the storage of highway material or as a pull-off for cars of the motoring public. Respondent occupies State land between mile markers 23-9303-1155 and 23-9303-1156. The petition alleges that respondent is a squatter or intruder upon the property without permission to occupy same. Respondent does have a license granted to him by the Delaware County Clerk pursuant to General Business Law § 32 which permits him to engage in hawking, peddling, vending and selling goods, wares and merchandise or soliciting trade upon the streets and highways within the County. Respondent was served with a 10-day notice to quit by petitioner but has failed to comply.

Based on the license respondent holds pursuant to General Business Law § 32, County Court dismissed the petition finding (1) that the statute does not limit the manner in which vending or selling is to take place on streets and highways, and (2) that there is no requirement for removal of the goods from the place of sale or that the goods be stored at least overnight. The court held that the privilege accorded respondent to use the public streets and highways is without restriction as to the manner or style of exercising the privilege.

We disagree. County Court's determination would grant to respondent the unbridled right to operate his sales business on the public highway and dispossess the State from its control and use thereof. The record indicates a massive storage of items at the location by respondent for almost a year. We disagree with County Court that respondent's right to sell also includes the right to occupation and use of the pull-off for storage and warehousing of his goods. We concur rather with the determination made in *Matter of Commissioner of Transp. v Lane* (144 Misc 2d 680) involving the same parties, wherein it was found that a like appropriation of a portion of the public highway to a private use was not a lawful exercise of the hawking privilege *(see, supra,* at 685). The record is clear that respondent has settled on the State's land without petitioner's consent and without legal authority. Thus, he is squatting thereon and is subject to eviction pursuant to RPAPL 713 (3).

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition granted. *[See,* 148 Misc 2d 320.]