■ BARBARA NAUDUS et al., Respondents, v HOWARD BEGEL, Appellant. [628 NYS2d 521] —In an action to recover damages based on dental malpractice, etc., the defendant appeals from an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated January 24, 1994, which denied his motion for summary judgment dismissing the complaint as time barred.

Ordered that the order is affirmed, with costs.

The defendant's motion to dismiss the complaint was based on the assertion that the treatment in question had "occurred over the course of four visits from September 7, 1990 to October 2, 1990", and that the plaintiffs had not filed a summons with notice until July 12, 1993, "more than 2-1/2 years after completion of the treatment at issue". However, the plaintiffs demonstrated, the Supreme Court found, and the defendant now concedes, that a summons with notice had in fact been filed on March 5, 1993. According to the plaintiffs' counsel, the "[p]laintiffs' first attorney could not effectuate service within the 120 days [following the initial filing] so he again filed papers and purchased another index number [on July 6, 1993]". The defendant was served on September 2, 1993, and interposed an answer verified on September 22, 1993. He subsequently made his motion to dismiss on Statute of Limitations grounds.

The defendant's motion was properly denied. The plaintiffs' claims were interposed at the time of the initial filing on March 5, 1993 *(see,* CPLR 203 [c] [1]), that is, within two and one-half years of their accrual. The plaintiffs' action was automatically dismissed 120 days thereafter as a result of the plaintiffs' failure to file proof of service *(see,* CPLR 306-b [a]). However, a second filing, as well as service on the defendant, was accomplished within 120 days after this automatic dismissal.

Therefore, this second action must be deemed timely, "despite the expiration of the statute of limitations after the commencement of the original action" (CPLR 306-b [b]; *see also,* Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:2, 1995 Pocket Part, at 68; Siegel, New York State Law Digest, No. 390, June 1992, at 4; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 306-b.02).

The first two arguments now made by the defendant in support of a reversal on appeal were not made in the Supreme Court. Assuming that these arguments might properly be raised for the first time on appeal *(see, e.g., Matter of Woodin v Lane,* 119 AD2d 969), we find them to be meritless. The defendant's remaining arguments, which relate to the application of the continuous treatment doctrine, were not passed upon by the Supreme Court, and need not be reviewed now, in light of our determination that the plaintiffs' claims were interposed within two and one-half years of their accrual. Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.