GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v CHRYSLER INSURANCE COMPANY, Respondent. (Appeal No. 1.) [682 NYS2d 508] —Judgment unanimously reversed on the law without costs, motion granted, cross motion denied and judgment granted in accordance with the following Memorandum: Edward Velazquez rented a car from Snappy Rent-A-Car, Inc. (Snappy) because his own car was being repaired. Velazquez was insured at the time under an automobile liability insurance policy issued by plaintiff that provided coverage for Velazquez while he was driving a "temporary substitute" vehicle, which included a non-owned car when his own car was being repaired. Snappy maintained an automobile liability insurance policy with defendant.

Velazquez was involved in an accident while driving the rental car, and the operator of the other car involved in the accident commenced a personal injury action against Velazquez and Snappy. Plaintiff commenced this action seeking a judgment declaring that defendant is obligated to defend and provide primary coverage to Velazquez, plaintiff's insured, in the personal injury action. We conclude that Supreme Court erred in granting the cross motion of defendant declaring that plaintiff must defend and provide primary coverage to Velazquez in the underlying personal injury action.

Defendant's policy defines an insured to exclude anyone who rents a covered auto from the named insured under a written rental agreement or anyone who operates, drives, or in any way uses a covered auto rented under such rental agreement. That provision conflicts with Vehicle and Traffic Law § 345 (b) (2) and is unenforceable (*see,* Vehicle and Traffic Law § 311 [4] [a]; 11 NYCRR 60-1.1 [c] [2]). Defendant's policy also provides that coverage for any covered auto owned by the named insured is primary.

The front of the rental agreement states: "NO LIABILITY INSURANCE PROVIDED BY SNAPPY". The agreement also contains a provision that Velazquez represents that he has a valid automobile liability insurance policy in force and that Snappy is "not providing automobile liability insurance". The agreement further provides that, if Snappy must by law provide

automobile liability insurance, "the limits shall be the minimum required by the financial responsibility law" and that, if Snappy must provide that coverage, Velazquez must defend, indemnify and hold Snappy harmless from and against "any loss, liability and expense in excess of the limits of protection" that Snappy provides.

Plaintiff's policy provides that any insurance plaintiff provides for a vehicle the insured does not own shall be excess over any other collectible insurance.

Defendant's attempt to disclaim completely liability imposed by Vehicle and Traffic Law § 388 is contrary to public policy (*see, Morris v Snappy Car Rental,* 84 NY2d 21, 27). Neither public policy nor any language in Vehicle and Traffic Law § 388, however, prohibited the parties' insureds from privately contracting to permit defendant's insured from disclaiming that portion of its liability that exceeds the amount for which vehicle owners are required to be insured under Vehicle and Traffic Law §§ 388 and 370 (*see, Morris v Snappy Car Rental, supra,* at 27-29).

Thus, we reverse the judgment, grant the motion, deny the cross motion and grant judgment in favor of plaintiff declaring that the policy issued by defendant provides primary coverage in the underlying tort action up to the amount that defendant's insured is required to maintain under State law and that plaintiff's policy provides coverage for amounts in excess thereof. (Appeal from Judgment of Supreme Court, Erie County, Burns, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.