■ GE CAPITAL AUTO LEASE, INC., Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, et al., Defendants. [722 NYS2d 549] —In an action, in effect, for a judgment declaring that the defendant Allstate Insurance Company is obligated to indemnify the plaintiff, GE Capital Auto Lease, Inc., in an underlying personal injury action entitled Connors v Caruso, pending in the Supreme Court, Queens County, under Index No. 2202/97, the defendant Allstate Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated August 6, 1999, as granted the plaintiff's cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant Allstate Insurance Company is obligated to defend and indemnify the plaintiff in the underlying personal injury action.

The defendant Nicole Caruso was involved in an automobile accident while operating a vehicle leased by the defendant John J. Caruso, through the plaintiff, G.E. Capital Auto Lease, Inc. (hereinafter GECAL). John J. Caruso leased the vehicle for a period of two years, and had procured an automobile insurance policy from the defendant Allstate Insurance Company (hereinafter Allstate), which policy was in effect at the time of the accident. GECAL commenced this action seeking, in effect, a judgment declaring that it is entitled to receive a defense and indemnification up to the limits of the policy issued by Allstate. Allstate had denied coverage, contending that GECAL was not an insured under the provisions of the policy.

Contrary to Allstate's contention, the Supreme Court

properly granted GECAL's cross motion for summary judgment. As a lessee under a lease for a period greater than 30 days, John J. Caruso is an owner of the vehicle (*see,* Vehicle and Traffic Law § 128). As such, the insurance regulations set forth in 11 NYCRR 60-1.1 are applicable. Any attempt by Allstate to disclaim coverage through the language of a limiting provision in the policy is unenforceable as against public policy (*see, Morris v Snappy Car Rental,* 84 NY2d 21; *Government Empls. Ins. Co. v Chrysler Ins. Co.,* 256 AD2d 1212; *see also,* Vehicle and Traffic Law § 388).

Since this is an action, in effect, for a declaratory judgment, the matter is remitted for the entry of a judgment declaring that the defendant Allstate is obligated to defend and indemnify GECAL in the underlying personal injury action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.