■ PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent, v BERNIE BAKER, Individually and Doing Business as BERNIE BAKER LOGGING, et al., Defendants, and FRANKLIN RUSSELL, Appellant. [736 NYS2d 447] —Spain, J. Appeals (1) from an order of the Supreme Court (Sheridan, J.), entered February 7, 2001 in Warren County, which, inter alia, denied defendant Franklin Russell's cross motion to compel discovery, and (2) from an order of said court, entered June 19, 2001 in Warren County, which, upon reconsideration, inter alia, granted plaintiff's motion for summary judgment and declared that plaintiff had no duty to indemnify defendant Franklin Russell.

In July 1996, defendant Franklin Russell was working as an independent contractor cutting logs for Bernie Baker Logging, a logging business operated by defendants Bernie Baker and Bernie Baker, Jr. According to Russell, while Bernie Baker, Jr. was operating the log loader attached to his 1987 logging truck, one of the logs slipped and struck Russell, causing him serious injuries. Litigation ensued, resulting in a settlement on the issue of Russell's entitlement to no-fault insurance benefits and a still-pending personal injury action brought by Russell against the Bakers. Plaintiff, the insurer of the logging truck,

commenced this separate action seeking a declaratory judgment that it had no duty to defend or indemnify the Bakers or Russell.

Plaintiff obtained a default judgment against the Bakers and thereafter moved for summary judgment against Russell. Defendant cross-moved for an order to compel discovery. Supreme Court initially denied plaintiff's motion as unnecessary in light of the default judgment and denied Russell's cross motion as moot. Upon reconsideration, however, the court granted plaintiff's motion for summary judgment, finding that no coverage existed because the use of the log loader fell within certain exclusions in the insurance policy, and denied Russell's cross motion. Russell appeals from both orders.

No dispute exists that the logging truck is an insured vehicle under the policy which plaintiff provided to the Bakers. The issues presented on appeal are whether Russell's injuries were sustained during the "use or operation" of the insured vehicle within the meaning of the policy and of Vehicle and Traffic Law § 388, whether the log loading device involved in the accident falls under one of the exclusions to coverage in the policy and, if so, whether such exclusion is invalid because plaintiff was obligated, by state law, to provide coverage in this instance. Plaintiff contends that this third argument is unpreserved for our review because Russell failed to raise it before Supreme Court.

Although Russell argued the applicability of Vehicle and Traffic Law § 388 before Supreme Court, he never squarely made the argument that, should that statute require coverage under these circumstances, any policy exclusion eliminating such coverage would be contrary to public policy and, thus, illegal. While the general rule is that a court will not review on appeal an issue not raised before the trial court (*see, Telaro v Telaro*, 25 NY2d 433, 438), "in the interest of justice, this court may always exercise its broad discretion to consider matters neither properly presented nor preserved below" (*Matter of Woodin v Lane*, 119 AD2d 969, 970). In light of the public policy considerations that weigh against enforcing an exclusion in an insurance policy which abrogates the insurer's statutory duty—to the insured's detriment—we opt to exercise our discretion and review the issue.

By state law, liability is imposed on all vehicle owners for accidents resulting from negligence in the permissive "use or operation" of their vehicles (Vehicle and Traffic Law § 388 [1]; *see, Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 558). Vehicle and Traffic Law § 388 continues, "[a]ll * * *

policies of insurance issued to the owner of any vehicle subject to the provisions of this section shall contain a provision for indemnity or security against the liability and responsibility provided in this section" (Vehicle and Traffic Law § 388 [4]; *see*, 11 NYCRR 60-1.1 [a] [mandating automobile liability insurance coverage for liability related to accidents arising out of the "use or operation" of a motor vehicle]). The Court of Appeals has already resolved one of the issues disputed here in holding that, "[w]hile Vehicle and Traffic Law § 388 (1) does not itself speak to whether loading and unloading fall within its reach, the history of the provision makes clear that those activities are indeed covered" (*Argentina v Emery World Wide Delivery Corp., supra,* at 558; *see, Smith v Zink,* 274 AD2d 885, 886). Accepting Russell's version of the facts, as we must at this stage (*see, Bershaw v Altman,* 100 AD2d 642, 643), plaintiff is unable to articulate any meaningful distinction between the manner in which the accident occurred in this case and the activity at issue in *Argentina,* where the plaintiff was injured when a steel plate being unloaded from a cargo truck fell and struck him (*Argentina v Emery World Wide Delivery Corp., supra*). Instead, plaintiff relies on the fact that *Argentina* addressed only the owner's liability under section 388 and not the scope of coverage under an insurance policy.

We conclude that, as pertinent here, this is a distinction without a difference given that Vehicle and Traffic Law § 388 (4)—quoted above—expressly requires all insurance policies to contain a provision guaranteeing indemnity against the liability created by the statute (*see, Royal Indem. Co. v Providence Washington Ins. Co.,* 92 NY2d 653, 657; *Cohn v Nationwide Mut. Ins. Co.,* 286 AD2d 699, 700-701; *see also,* 11 NYCRR 60-1.1). "The policy of insurance issued must be as broad as the insured owner's liability for use of the vehicle by the owner or anyone using the vehicle with his permission" (*Rosado v Eveready Ins. Co.,* 34 NY2d 43, 49, citing Vehicle and Traffic Law § 388). Thus, we hold that, pursuant to Vehicle and Traffic Law § 388, plaintiff was required to issue a policy which would insure the Bakers against the negligent loading or unloading of logs on this logging truck.

Plaintiff next argues that, even if loading logs onto a logging truck with an attached log loader falls within the general definition of "use and operation" of the truck, the use of the log loader when the truck is immobile falls within specific exclusions to coverage detailed in the policy. If we were to interpret these exclusions—as plaintiff urges—to deny coverage even if Russell's injuries are ultimately proven to have resulted from

the negligence in the use and operation of the truck, then the policy would necessarily violate the statutory mandates set forth in Vehicle and Traffic Law § 388 (*see, Royal Indem. Co. v Providence Washington Ins. Co., supra,* at 657). As such, the exclusions would be unenforceable as against the public policy of New York because "to tolerate such an exclusion would leave innocent victims, acting in good faith, and presumably, in reliance upon [plaintiff's] compliance with the law, without legal redress or prospect of recompense for injuries sustained" (*Rosado v Eveready Ins. Co., supra,* at 48; *see, Royal Indem. Co. v Providence Washington Ins. Co., supra,* at 658; *GE Capital Auto Lease v Allstate Ins. Co.,* 281 AD2d 456, 457, *lv dismissed* 97 NY2d 654).

Accordingly, we hold that plaintiff's motion for summary judgment should have been denied. As conceded in Russell's brief, his cross motion for discovery should be denied as unnecessary in light of our holding that the policy exclusions are unenforceable.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order entered February 7, 2001 is affirmed, without costs. Ordered that the order entered June 19, 2001 is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; motion denied; and, as so modified, affirmed.