■ RICHARD C. RIELLY, Respondent, v ALAN J. NAFTAL, Appellant. [753 NYS2d 534] —Mugglin, J. Appeal from an order of the County Court of Columbia County (Czajka, J.), entered January 22, 2002, which affirmed two judgments of the Justice Court of the Town of Chatham in favor of plaintiff.

Claiming unpaid commissions earned from real estate sales while plaintiff was a salesperson with Clayton Greystroke Realty, Inc., plaintiff instituted two small claims proceedings against defendant, Clayton's president. The first claim involved two separate sales and sought recovery of $2,000 in one and $750 in the other. The second claim involved a commission of $2,400 as a result of a third sale. Following a hearing with respect to both claims, joined for trial by agreement of the parties, the Town of Chatham Justice Court found in favor of plaintiff and issued judgments against defendant for the full amount of each claim. Subsequently, Justice Court issued amended judgments which added Clayton as a codefendant. Defendant thereafter appealed these judgments to County Court asserting that the judgments were improperly entered against him individually and that Justice Court exceeded its monetary jurisdiction. County Court affirmed the judgments and defendant appeals, urging as grounds for reversal the same arguments made to County Court.

We affirm. Both the issue of Justice Court having improperly pierced the corporate veil by awarding judgment against defendant personally and the issue of Justice Court having exceeded its monetary limit of $3,000 were raised for the first time on appeal. As a general rule, an issue not raised before the trial court but raised for the first time on appeal will not be reviewed (*see Progressive Cas. Ins. Co. v Baker*, 290 AD2d 676, 677; *Mat-*

*ter of Woodin v Lane*, 119 AD2d 969, 970). The issue of corporate rather than individual liability fits within none of the generally recognized exceptions to this rule (*see Matter of Woodin v Lane, supra* at 970), but could be reached in the interest of justice if we chose to exercise our discretion to review it (*see Progressive Cas. Ins. Co. v Baker, supra* at 677). Defendant urges that because the rules of procedure are relaxed in small claims part in justice courts, we should so exercise our discretion. In such matters, justice courts are charged with doing "substantial justice" according to the rules of substantive law (*see* UJCA 1804), and we are unpersuaded that we should exercise our interest of justice jurisdiction to review this substantive issue because procedural rules may be relaxed.

Defendant's argument that Justice Court exceeded its jurisdictional limit of $3,000 is a recognized exception to the general rule that a court will not review an issue for the first time on appeal (*see Matter of Woodin v Lane, supra* at 970). Nevertheless, defendant's argument lacks merit. Here, plaintiff brought three separate and distinct claims to recover commissions with respect to three different transactions involving three separate parcels and three different clients. Each claim differs in amount and gives rise to separate defenses depending upon the extent and quality of plaintiff's work (*see Westbury Wholesale Produce Co. v Maine Maid Inn*, 186 Misc 2d 911, 914). Thus, UJCA 211 allows the joinder of these claims, and judgment may be entered in excess of $3,000. Notably, separate judgments were issued here by Justice Court, suggesting that although a joint trial occurred, the actions were not consolidated, reflecting the agreement of the parties.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.