■ PAUL M. MAINTENANCE, INC., Appellant, v TRANSCONTINENTAL INSURANCE COMPANY et al., Respondents. [755 NYS2d 3] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about June 28, 2002, which

denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, plaintiff's motion for summary judgment declaring defendants must defend and indemnify it in a certain underlying action granted, defendants' cross motion denied, and the matter remanded for further proceedings.

This appeal arose as a result of an injury suffered October 26, 1998 on a construction project by an employee of Torino Industrial Inc. (Torino), a subcontractor of plaintiff general contractor. Torino was at the time insured by defendant Transcontinental Insurance under a commercial general liability policy and under a business auto policy. The employee was injured when a piece of equipment fell on him as he and other employees of Torino were using a hoist to load it onto a truck. The employee subsequently brought an action against plaintiff in June 1999 for negligence and violations of the Labor Law.

By letter dated September 1, 1999, plaintiff's insurer notified defendants' parent company of the injured employee's claim. By letter dated January 24, 2000, counsel for plaintiff advised the parent company that plaintiff was an insured under the subcontractor's policy and demanded that plaintiff be defended and indemnified in the personal injury action. The instant action seeking a declaratory judgment to that effect was commenced in April 2000. Defendant first disclaimed coverage in its answer, served on July 17, 2000.

The motion court erred in finding that plaintiff is not an insured and that the loading of the truck at issue does not constitute the "ownership, maintenance or use" of the vehicle and is not within the scope of the policy's coverage. The "business auto coverage" policy at issue here provides in relevant part as follows:

"1. WHO IS AN INSURED

"The following are 'insureds': * * *

"b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow, except: * * *

"(4) Anyone other than your employees, partners, a lessee or borrower or any other employees, while moving property to or from a covered 'auto' * * *

"c. Anyone else who is not otherwise excluded under paragraph b above and is liable for the conduct of an 'insured' but only to the extent of that liability.

"We [the carrier] will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' * * * to which this

insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'

"For a covered 'auto' licensed or principally garaged in New York, the Business Auto and Truckers Coverage Forms are changed as follows:

"A. Changes in Liability Coverage

"1. Who Is An Insured does not include anyone loading or unloading a covered 'auto' except you, your employees, a lessee or borrower or any of their employees."

The policy read in conjunction with the New York rider establishes that plaintiff is an insured. The loading at issue here was done by the subcontractor/vehicle owner's employees, who were covered under the policy, and not plaintiff, who, by the terms of the policy (§ 1 [b] [4]) and rider, would be excluded from coverage if it had been involved with loading the vehicle. Therefore, since plaintiff did not fall within that exclusion, section 1 (c) of the policy expressly includes plaintiff as an insured, but only to the extent of its liability for the conduct of an "insured." In the underlying personal injury lawsuit, the court held that the sole theory under which this plaintiff was liable for the subcontractor Torino's employee's injuries was Labor Law § 240, which imposes vicarious, absolute liability on a general contractor for injuries resulting from the conduct of its subcontractors (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179; *Seecharran v 100 W. 33 St. Realty Corp.*, 198 AD2d 121).

As for the coverage issue, Vehicle and Traffic Law § 388 (1) and (4) read together provide that "[e]very owner of a vehicle used or operated in this state shall be liable" for negligence in the permissive use or operation of its vehicles and that insurance policies on said vehicles must indemnify the owner against said liability (*Progressive Cas. Ins. Co. v Baker*, 290 AD2d 676, 677-678). In addition, the Court of Appeals has expressly held that the term "use" in Vehicle and Traffic Law § 388 (1) includes "loading and unloading" (*Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 558; *Baker* at 678-679 [Vehicle and Traffic Law § 388 requires that an insurer issue a policy covering negligent loading or unloading and an interpretation denying such coverage "would necessarily violate the statutory mandates"]; *see also Cosmopolitan Mut. Ins. Co. v Baltimore & Ohio R.R. Co.*, 18 AD2d 460, 462 [automobile liability policy providing coverage for accidents arising from ownership, maintenance or use but without express reference to loading and unloading deemed to afford loading and unloading coverage]) and such coverage is expressly noted in the New York rider of the insurance policy at issue.

The *Argentina* Court, in distinguishing Vehicle and Traffic Law § 388 from Insurance Law § 5103 (a) (1), a no-fault provision, expressly rejected the purported requirement, also argued by defendant herein, that under Vehicle and Traffic Law § 388 the "vehicle itself be the instrumentality or a proximate cause of [a] plaintiff's injury." (93 NY2d at 563.) The Court stated that such requirement "would tend to circumvent the statute's negligence requirement and unduly limit its intended beneficial purpose" (*Argentina* at 563). Thus, defendants' reliance on the Second Department decisions *Eagle Ins. Co. v Butts* (269 AD2d 558, *lv denied* 95 NY2d 768) and *Progressive Cas. Ins. Co. v Yodice* (276 AD2d 540) is not only misplaced because those cases are factually distinguishable from the case at bar, i.e., neither case involved a claim of negligence in loading or unloading, but also because, perhaps as a result of the factual distinction, they impose the requirement rejected by *Argentina*.

Finally, the question raised as to the timeliness of the notice of claim and of the disclaimer must be resolved in favor of plaintiff. While plaintiff may have failed to give defendant the "prompt" notice of the injured employee's claim required by the policy and failed to forward the complaint in the underlying action until after this action commenced, Insurance Law § 3420 (d) requires an insurer disclaiming coverage to do so "as soon as is reasonably possible"; failure to do so in such timely manner " 'precludes effective disclaimer' " (*Matter of Firemen's Fund Ins. Co. v Hopkins*, 88 NY2d 836, 837 [citations omitted]). Also, an insurer's notice of disclaimer must apprise claimant with a high degree of specificity of its grounds for disclaiming coverage, otherwise such ground is waived (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864; *see 2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282, 284; *Matter of State Farm Mut. Auto. Ins. Co. v Joseph*, 287 AD2d 724, 725). Inasmuch as defendant failed to specifically assert in its notice of disclaimer that plaintiff did not forward the complaint in the underlying action until the instant action was commenced, and failed to otherwise explain its 10-month delay in providing notice of disclaimer (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030), it is precluded, as a matter of law, from disclaiming coverage on either theory. Concur—Williams, P.J., Nardelli, Ellerin, Rubin and Marlow, JJ.