OPINION OF THE COURT
John R. LaCava, J.
Sub judice is a motion by defendant Gregg Garrett for an or *439 der directing plaintiff to submit to a further deposition and the cross motion of plaintiff for an order dismissing all pleadings served by the office of Susan B. Owens.
The infant plaintiff Frank Lukic commenced this action to recover for personal injuries sustained on February 11, 1999 when the automobile in which he was a passenger left the road and struck a tree. The vehicle is owned by defendant Helen Garrett and was being driven by defendant Gregg Garrett, Mrs. Garrett’s grandson, at the time of the accident.
Mrs. Garrett’s vehicle is insured by State Farm Insurance Company (State Farm). As such, coverage extends to both the defendant owner and defendant driver (see, infra). Defendant Gregg Garrett is also covered through his father’s insurer, the Hartford Insurance Company (Hartford). Although Hartford initially disclaimed coverage, it reversed its position by letter of May 23, 2001 to John Garrett, defendant Gregg Garrett’s father. Upon doing so, Hartford advised Mr. Garrett that “[y]our policy is excess to the policy of Helen Garrett who was the owner of the vehicle which was being operated by your son in this loss.”[1]
While defendant owner Helen Garrett is being represented by the office of Alan B. Brill, P.C. through State Farm, defendant driver Gregg Garrett is currently being represented by the law office of Susan B. Owens through Hartford.[2] Although having separate counsel for multiple defendants does not usually create any issues in most negligence situations, it does where, as here, the liability that is imposed on one of those defendants is strictly vicarious.
Vehicle and Traffic Law § 388 (1) and (4) read together provide that “every owner of a vehicle used or operated in this state shall be liable” for negligence in the permissive use or operation of its vehicles and that insurance policies on said vehicles must indemnify the owner against said liability (Progressive Cas. Ins. Co. v Baker, 290 AD2d 676, 677-678 [2002]; Paul M. Maintenance, Inc. v Transcontinental Ins. Co., 300 AD2d 209 [1st Dept 2002]). This statutorily imposed liability creates liability where none previously existed (see, Morris v Snappy Car Rental, 84 NY2d 21, 27 [1994]). “The statute altered the common-law rule that a vehicle owner could only be held liable for the negligence of a permissive driver under *440 agency or respondeat superior theories” (Murdza v Zimmerman, 99 NY2d 375, 379 [2003]). As an abrogation of the common law, it exists to the extent required by the clear import of the statutory language (Morris v Snappy Car Rental, supra at 28).
Given the vicarious nature (see, Morris v Snappy Car Rental, 84 NY2d 21 [1994]) of this statutorily imposed liability upon the owners of vehicles for the negligence of those permitted to use or operate said vehicles (see, Vehicle and Traffic Law § 388 [1], [4], supra), and the mandate that the policies of insurance indemnify the owners (id.), this court concludes that, absent good cause, a judicially recognized conflict of interest, or a valid disclaimer of coverage by a primary carrier as to one of the otherwise covered defendants, none of which have been established here, there can only be one attorney representing those covered under the primary insurance policy, here the defendant driver and defendant owner. The excess carrier must be relegated to a passive role in the litigation.
To rule otherwise would be contrary to the spirit and orderly process of litigation that cases such as Jackson v Trapier (42 Misc 2d 139 [Sup Ct, Queens County 1964]) and Matter of Kitsch v Riker Oil Co. (23 AD2d 502 [2d Dept 1965]) endeavor to maintain. It would also create an unintended result of legislation that “expresses the policy that one injured by the negligent operation of a motor vehicle should have a recourse to a financially responsible defendant,” the owner being that obvious candidate since he can most easily carry insurance to cover the risk (Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352 [1967]).
The aspect of this motion wherein defendant seeks to depose plaintiff regarding a previous injury is granted. Among other things, the admission that, because of the accident, “[plaintiff will] more likely * * * be adversely affected by infections causing him to limit his activities in a general sense” (affirmation in opposition para 6) renders material and relevant issues regarding any asserted preexisting physical disability. This is so even where, as here, at the time of plaintiff’s deposition testimony, plaintiff testifies that “currently” there is nothing he cannot do as well as he could have done before the accident.
Based upon the foregoing, it is hereby ordered that counsel for the excess carrier Hartford, the law office of Susan B. Owens, who currently appears for defendant driver Gregg Garrett is hereby relieved as counsel of record to defendant driver Gregg Garrett; and it is further ordered that the office of Alan *441 B. Brill, P.C. is hereby directed to appear for and defend the defendant operator Gregg Garrett who is covered by the State Farm policy and who has not been shown to have any interest or position adverse to the owner Helen Garrett.

. Neither party contests the primary/excess status of State Farm and Hartford, respectively.

. At one time, both State Farm and Hartford had appeared on behalf of Gregg Garrett, with Hartford appearing first.