■ MARYANN DEPASCALE, Respondent, v LIZABETH M. WOLKOFF et al., Defendants, and CHASE MANHATTAN AUTOMOTIVE FINANCE CORP., Sued Herein as CHASE AUTO FINANCE GROUP, Defendant and Third-Party Plaintiff-Respondent. PHOENIX INSURANCE CO., Sued Herein as TRAVELERS PROPERTY CASUALTY CO., Third-Party Defendant-Appellant. [829 NYS2d 633]—

In an action to recover damages for personal injuries, the third-party defendant appeals (1) from an order of the Supreme Court, Nassau County (Brennan, J.), dated August 12, 2005, which denied its motion for summary judgment dismissing the third-party complaint and granted that branch of the cross motion of the defendant third-party plaintiff, Chase Manhattan Automotive Finance Corp., sued herein as Chase Auto Finance Group, which was for summary judgment declaring that it has the primary obligation to defend and indemnify Chase Manhattan Automotive Finance Corp., sued herein as a Chase Auto Finance Group and the defendant Lizabeth M. Wolkoff pursuant to its policy terms; (2), as limited its brief, from so much of an order of the same court dated January 13, 2006, as, upon reargument, adhered to the original determination; and (3) from a judgment of the same court dated March 29, 2006 which declared that it has the primary obligation to defend and indemnify the defendant third-party plaintiff Chase Manhattan Automotive Finance Corp., sued herein as Chase Auto Finance Group, and the defendant Lizabeth M. Wolkoff under its policy of insurance. The notice of appeal from the order dated August 12, 2005 is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501[c]).

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff, Chase Manhattan Automotive Finance Corp., sued herein as Chase Auto Finance Group.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the third-party action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to Vehicle and Traffic Law § 388 (4), all insurance policies must contain a provision "guaranteeing indemnity against liability arising from permissive operation of the owner's vehicle" (*Royal Indem. Co. v Providence Washington Ins. Co.*, 92 NY2d 653, 658; *see Progressive Cas. Ins. Co. v Baker*, 290 AD2d 676 [2002]; *see also* 11 NYCRR 60-1.1 [a]). Here, the lessee of the vehicle in question procured the mandatory insurance from the third-party defendant as required by statute. The lessee's procurement of insurance was also in compliance with the vehicle lease agreement, which required the lessee to maintain primary insurance coverage for the subject vehicle and to name the lessor, the defendant third-party plaintiff, as an additional insured under the policy. The lessor's insurance coverage provided for excess insurance coverage over the primary insurance required of the lessee pursuant to the lease terms and was contingent on the failure of that primary coverage. Contrary to the third-party defendant's contentions, the lessor was not required to maintain primary insurance coverage for the subject vehicle, since under the circumstances, the lessor's policy of insurance provides "the assurance that a party injured by the negligent operation of a motor vehicle has recourse to a financially responsible defendant" for the $25,000 minimum amount as mandated by statute (*Royal Indem. Co. v Providence Washington Ins. Co., supra* at 658 [internal quotation marks omitted]). Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.