■ JOEL LAVANDIER, Formerly Known as JOEL ROSARIO, et al., Respondents, v LANDMARK INSURANCE COMPANY et al., Respondents, and SOBEL AFFILIATES, INC., Appellant. [844 NYS2d 23]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 13, 2007, which denied defendant Sobel's motion for summary judgment and granted the cross motions by defendants Landmark and York for summary judgment, unanimously modified, on the law, Sobel's motion granted to the extent of dismissing all claims arising under the 1994-1995 insurance policy issued by Landmark, and otherwise affirmed, without costs.

Landmark's disclaimer notices complied with Insurance Law § 3420 in advising the principal of the property owners (plaintiffs' assignors) that the claims were being rejected due to late notice. This met the specificity required by the statute (*cf. Paul M. Maintenance, Inc. v Transcontinental Ins. Co.*, 300 AD2d 209, 212 [2002]).

Due to confusion in the references in the correspondence, it

cannot be said, as a matter of law, that the contract claim against Sobel, the broker, was time-barred. The limitations period on the negligence claim did not begin to run until plaintiffs suffered injury by Landmark's refusal of the claims (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]). There is nothing in the record to indicate that Sobel or the principal of plaintiffs' assignors had advised defendant York of the claims in a timely fashion.

In view of the findings of fact in the underlying negligence action, however, the claims asserted under the 1994-1995 policy should have been dismissed. The argument of plaintiffs (who, in any event, have not appealed) that the underlying acts constitute more than one occurrence is unavailing. Plaintiffs lived in the same apartment, and both were exposed to lead at the same time, thus meeting the "close temporal and spatial relationship" criterion discussed in *Appalachian Ins. Co. v General Elec. Co.* (8 NY3d 162, 171 [2007]).

We have considered Sobel's other arguments and find them without merit. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ. [*See* 2007 NY Slip Op 30693(U).]