OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In August of 2001 the parties entered into a contract whereby plaintiff agreed to review, analyze and audit defendant’s telecommunications billing, to serve as a consultant for the purpose of identifying whether defendant had incurred overcharges for its telecommunications services, and to negotiate with defendant’s service providers for “over-billing, refunds, lower rates and/or credit.” In consideration for its services, defendant agreed to pay plaintiff 35% of all overcharges recovered and 35% of any future savings which defendant received as a result of a rate reduction negotiated by plaintiff, for a period of one year from the date of the rate reduction.
Plaintiff subsequently commenced this action against defendant to recover amounts allegedly due for its services in the aggregate sum of $36,460.67. In its first cause of action, plaintiff alleged that on August 1, 2002 it obtained for defendant a refund check from Verizon for $19,998.96 (account No. 212-M56-4451); that the fee for its services was $6,961.49; that it billed defendant by invoice dated August 14, 2002; and that defendant received the invoice without protest or objection. In the second cause of action, plaintiff alleged that on November 25, 2002, as a result of obtaining a credit from Verizon of $71,941.22 (account No. 212-649-6200), its fee was $25,179.43 (for which it only sought to recover $25,000). The third cause of action alleged that on January 25, 2003 it obtained a credit from MCI of $5,491.80 (account No. 90424107), and that its fee was $1,922.13. The fourth cause of action alleged that on May 8, 2003 it obtained credits for three of defendant’s accounts with Verizon (account Nos. 212-355-0510, 212-689-7718, 212-629-7835), and that its fee was $2,577.05. Defendant subsequently moved to dismiss the complaint based upon lack of subject matter jurisdiction (CPLR 3211 [a] [2]). The motion was denied and this appeal ensued.
*116 The New York City Civil Court Act provides that the court has jurisdiction over actions for the recovery of money where the amount sought to be recovered does not exceed $25,000 (CCA 202). Section 211 of the New York City Civil Court Act provides that “[w]here several causes of action are asserted in the complaint and each of them would be within the jurisdiction of the court if sued upon separately, the court shall have jurisdiction of the action.”
Contrary to defendant’s contentions, the various obligations of payment assumed under the contract did not constitute a single cause of action (see Kemper v Transamerica Ins. Co., 61 Misc 2d 7 [1969]) such as would warrant dismissal of the complaint as in excess of the monetary jurisdictional limitation of the court. Rather, as the court below determined, the contract in question was divisible, and each claim for a commission for a refund and/or credit was a separate division of the contract. The causes of action were each distinct claims to recover various amounts due for several different transactions involving separate accounts, and each gave rise to separate defenses (see Rielly v Naftal, 300 AD2d 811 [2002]; see also Westbury Wholesale Produce Co. v Maine Maid Inn, 186 Misc 2d 911 [2000]). Accordingly, inasmuch as each cause of action was within the monetary jurisdictional limitation of the court, defendant’s motion to dismiss based upon lack of subject matter jurisdiction was properly denied.
Pesce, EJ., Golia and Rios, JJ., concur.