■ HARTFORD UNDERWRITING INSURANCE COMPANY, Respondent-Appellant, v GREENMAN-PEDERSON, INC., et al., Respondents, and PORT AUTHORITY OF NEW YORK & NEW JERSEY et al., Appellants-Respondents, et al., Defendants. [975 NYS2d 736]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered August 15, 2012, which superseded a March 9, 2012 order, granted defendant Greenman-Pederson, Inc.'s (GPI) cross motion for summary judgment and declared that plaintiff Hartford and defendant-appellant Syndicate 2020 at Lloyd's of London (Lloyd's) had a duty to defend and indemnify GPI in the underlying action, and denied Hartford's motion and Lloyd's cross motion for summary judgment seeking declaratory relief against GPI, denied defendant-respondent Continental Casualty Company's (Continental) cross motion for summary judgment

seeking a declaration that its policy was excess to the Hartford and Lloyd's policies, and granted GPI's motion for summary judgment for reasonable attorneys's fees against Hartford in defending this action and referred the issue of the amount of such fees to a special referee, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered March 9, 2012 and June 26, 2012, unanimously dismissed, without costs, as academic.

"[I]t is the responsibility of the insurer to explain its delay" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70 [2003]). Hartford undisputably had a pre-claim report of the 2005 accident in 2006. Hartford had every opportunity to investigate and disclaim, yet it failed to do so until at least 2009, fully one year after GPI was added to the underlying action as a defendant.

Hartford claims that its duty to disclaim was not triggered until it received the summons and complaint, yet, "once the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage, it must notify the policyholder in writing as soon as is reasonably possible" (*id.* at 66). Even assuming that Hartford's duty to disclaim was not triggered until it received the complaint in 2008, Hartford fails to explain why it did not disclaim until 2009.

Hartford's contention that its reservation of rights letters, issued in 2006 and 2008, constituted a clear disclaimer of coverage should be rejected. While the language in *QBE Ins. Corp. v Jinx-Proof Inc.* (102 AD3d 508, 511 [1st Dept 2013]), a case on which Hartford relies, clearly stated that "QBE . . . will not be defending or indemnifying you" (emphasis omitted), the language in this case is not so clear. In contrast to *QBE*, the underlying action here recited allegations of both professional and general negligence against GPI. Unlike *QBE*'s letter, Hartford's 2006 and 2008 letters failed the essential purpose of a disclaimer: to timely and clearly inform the insured of where the insurer stands on the issue of coverage for the action, and why, so that the insured can promptly consider appropriate alternatives (*see First Fin. Ins. Co.*, 1 NY3d at 68).

Before the motion court, Lloyd's raised a new reason for disclaimer: the failure to comply with the supposed policy condition that notice be given to Aon, Limited in England. This argument is unavailing, as the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated, and any ground known to the insurer but not then asserted is waived (*Paul M. Maintenance, Inc. v Transcontinental Ins. Co.*, 300 AD2d 209, 212 [1st Dept 2002].

For the first time on appeal, Lloyd's further contends that, if there is coverage under the OCIP policy, it is excess to the coverage provided by Hartford and Continental. This argument should be rejected, as the OCIP policy expressly states that it provides primary insurance, regardless of whether other insurance is available to the insureds. Because Lloyd's received proper notice of the underlying claim from Hartford, but failed to disclaim in a timely manner, it is estopped from denying coverage to GPI (*see J.T. Magen v Hartford Fire Ins. Co.*, 64 AD3d 266, 269 [1st Dept 2009], *lv dismissed* 13 NY3d 889 [2009]). Lloyd's argument submitted for the first time on appeal, that the motion court improperly allocated defense costs because it is a second level excess policy and no determination was made that the first level of excess insurance had been paid, is unavailing, as the first level policy was apparently never produced before, or considered by, the motion court and is not part of the record on appeal. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.