Matter of 21st Mtge. Corp. v Hall (2020 NY Slip Op 05502)





Matter of 21st Mtge. Corp. v Hall


2020 NY Slip Op 05502


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-05448
 (Index No. 618267/18)

[*1]In the Matter of 21st Mortgage Corporation, petitioner-respondent, 
v
Bromley Hall, appellant, et al., respondents.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Taroff & Taitz LLP, Bohemia, NY (Steven C. Taitz of counsel), for petitioner-respondent.



DECISION & ORDER
In a summary proceeding pursuant to RPAPL 713 to recover possession of real property, Bromley Hall appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 27, 2019, as was, in effect, amended June 18, 2019. The judgment, as was, in effect, amended, insofar as appealed from, granted the petition and directed the Sheriff of Suffolk County to eject Bromley Hall from the real property at issue and to put the petitioner into possession.
ORDERED that the judgment, as was, in effect, amended, is affirmed insofar as appealed from, with costs.
In September 2018, the petitioner commenced this summary proceeding pursuant to RPAPL 713 to eject Bromley Hall (hereinafter the appellant) from certain real property located in Suffolk County which had been purchased by the petitioner at a foreclosure sale (hereinafter the property). According to the petition, the appellant is a squatter on the property. In a judgment dated February 27, 2019, as was, in effect, amended June 18, 2019, the Supreme Court granted the petition and directed the Sheriff of Suffolk County to eject the appellant and to put the petitioner into possession of the property.
We agree with the Supreme Court's determination granting the petition. Contrary to the appellant's contention, since he did not refute the petitioner's allegation that he was a squatter on the property, and he did not claim that his entry on the property was permissive, the procedural requirements of RPAPL 713(5) are inapplicable to this ejection proceeding (see RPAPL 713[3], [5]; see generally Matter of Commissioner of Transp. v Lane , 178 AD2d 754). Instead, RPAPL 713(3), which pertains to squatters, controls. Since there is no contention that the petitioner did not comply with the provisions of RPAPL 713(3), the judgment, as was, in effect, amended, should be affirmed insofar as appealed from.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court